## 300 APPELLATE COURTS OF ILLINOIS.

VOL. 95.] People v. Board of Trustees Firemen's Pension Fund.

# People, for use, etc., v. The Board of Trustees Firemen's Pension Fund et al.

1. PENSIONS—*For Disabled Firemen—Duty of the Medical Officer Under the Statutes.*—The duty of the medical officer under the act creating the firemen's pension fund (Laws 1887, 117) is to examine the applicant and report to the board the result of his examination. He has no power to conclusively decide that the applicant should be retired and pensioned.

2. MANDAMUS—*Will Not Lie to Compel the Board of Trustees of the Firemen's Pension Fund to Pension a Fireman on the Report of the Medical Officer.*—A writ of mandamus will not lie to compel the board of trustees of the firemen's pension fund, under the act of 1887, to pension a fireman upon the report of the medical examiner.

**Mandamus.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed May 23, 1901.

ROBERT REDFIELD and BAILEY, HALL & GREGG, attorneys for appellants.

CHARLES M. WALKER, Corporation Counsel, and ROSWELL B. MASON, Assistant Corporation Counsel, attorneys for appellees.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is a petition for a writ of mandamus by James McCambridge. The petition avers, in substance, that James McCambridge in the month of May, 1894, entered the employ of the city of Chicago as a fireman in the fire department, where he remained until February, 1898; that on the night of the 25th day of December, 1897, while engaged in the performance of his duty as such fireman, he was severely injured by falling walls and debris, as a result of which he became permanently disabled; that thereafter, upon order of Board of Trustees of Firemen's Pension Fund, he applied to the medical officer designated by said board of trustees to examine petitioner, and that said medical officer found petitioner to be physically permanently disabled

by reason of such injuries, so as to render necessary petitioner's retirement from service in the said department; that thereupon petitioner filed a statement of said disabilities with said board of trustees, and the said medical officer filed with the fire department a statement as herein set forth; that petitioner requested said board to order paid to him his pension as provided by law; that petitioner's salary as fireman had been, up to the time of his injury, $86.62 per month, and that he was entitled to a pension of one-half that amount, and that the pension fund was then and now is sufficient and ample for said purpose; that, although frequently requested by petitioner, said board have refused and still refuse to allow and pay said pension. Prays a writ of mandamus, etc.

A demurrer was sustained to the petition, and judgment was rendered against the petitioner for costs, from which judgment this appeal is. The question to be decided is, whether the demurrer was properly sustained.

Section 7 of the act creating a board of trustees of the firemen's pension fund is as follows:

"Sec. 7. If any member of the fire department of any such city, village or incorporated town, shall, while in the performance of his duty, become and be found upon an examination by a medical officer, ordered by said board of trustees, to be physically or mentally permanently disabled, by reason of service in such department, so as to render necessary his retirement from service in said fire department, said board of trustees shall retire such disabled member from service in such fire department. *Provided*, no such retirement on account of disability shall occur unless said member has contracted said disability while in the service of such fire department. Upon such retirement the said board of trustees shall order the payment to such disabled member of such fire department, monthly, from said pension fund, a sum equal to one-half the monthly compensation allowed to such member as salary at the date of his retirement."

Section 3 of the act provides:

"That said board shall make all needful rules and regulations for its government in the discharge of its duties, and shall hear and decide all applications for relief or pension

302 APPELLATE COURTS OF ILLINOIS.

VOL. 95.] People v. Board of Trustees Firemen's Pension Fund.

under this act, and its decisions on such applications shall be final and conclusive and not subject to review or reversal except by the board. The board shall cause to be kept a record of all its meetings and proceedings."

The petition proceeds on the theory that if the medical officer appointed by the board reports that the applicant for a pension is physically or mentally permanently disabled, by reason of service in the fire department, so as to render his retirement from such service necessary, the board, on receiving such report, has no discretion in the matter, and must retire the applicant, and grant his application for a pension. In other words, that the medical officer and not the board of trustees, is to determine whether the applicant should be retired and pensioned.

We can not concur in this view. We think it clear that it was not the intention of the legislature to confer such power upon a medical officer appointed by the board to make physical examinations of applicants for pensions. The sole duty of such medical officer is to examine the applicant and report to the board the result of his examination. He has no power to conclusively decide that the applicant shall be retired.

Section 3, above quoted, after providing that the board shall make all reasonable rules and regulations for its government in the discharge of its duties, contains this language: " And shall hear and decide all applications for relief or pension under this act, and its decisions shall be final and conclusive," etc. It is the board, not the medical officer, who must finally decide. Decide what? Why, whether such case is presented as warrants the retirement of the applicant from the service. When application is made for a pension, in such case as the present, manifestly the first question to be decided, on the application, is whether the applicant should, by reason of disability caused as described in section 7, be retired; because, unless his retirement from the service is necessary, he can not be entitled to a pension. The board, then, who, by section 3, must decide all applications for pensions, must, in the first instance, decide the question of the necessity of the retire-

ment of the applicant from the service. That is the preliminary question to be decided.

The petition does not aver that the board has decided, or ever considered that question, and until it shall have been considered and decided by the board, it can not be known whether the petitioner is, or not, entitled to a pension. The petition is bad, in substance, and the demurrer was properly sustained.

The judgment will be affirmed.