SMITH *v.* BOARD OF TRUSTEES FOR RELIEF, etc.

No. 8218. SEPTEMBER 17, 1931.

438

440

T. J. *Lewis* and W. O. *Slate,* for plaintiffs.

J. L. *Mayson, C. S. Winn,* and J. C. *Savage,* for defendants.

*Harwell, Fairman & Barrett,* and *Austin & Boykin,* for persons at interest.

HILL, J. (After stating the foregoing facts.) The act of 1925 (Ga. L. 1925, p. 234) provides for police pensions in certain cities. By section 1 of the act it is provided that "There shall be raised and established funds for the aid, relief, and pension of members of paid police departments who are in active service at the time of the passage of this act and whose names are on the payroll of such department, and future members of such departments, and their dependents, in all cities in Georgia having a population of more than 150,000 by the United States census of 1920, or any subsequent census of the United States." Section 2 provides: "Every regular member, but not supernumerary of such police department, who is in active service at the time of the passage of this act and whose name is on the payroll, and future members, may, as a matter of right, retire from active service,

provided he shall have served twenty-five years in active service at the time of his retirement." Section 3: "Any member of such department who is in active service at the time of the passage of this act and whose name is on the payroll, and future members who shall be injured or whose health shall become permanently impaired to such extent as to render him totally disabled directly or indirectly as a result of such service, shall upon application be retired." Section 4. "When such member shall retire as a matter of right, he shall be paid one half of the salary he was receiving at the time of his retirement, for the rest of his life, to be paid monthly; in case of death of a pensioner his widow and children shall draw his pension as herein provided in case of death of member of such department." Section 5: "When such member shall be retired for total disability, he shall be paid one half of the salary he was receiving at the time of his retirement, for the rest of his life, to be paid monthly; but this act shall not affect the salary of a member in active service, except the tax of one per cent. thereon." Section 6: "There is hereby established, to serve without pay, a board of trustees whose duty it shall be to manage said funds, which shall be kept by the city treasurer of such cities as a separate fund and covered by his bond as such. The board of trustees shall consist of the city treasurer, the city comptroller, the chief of police department, and two members of the police department to be elected by the members of said department in active service on the first Tuesday in September every year and after the passage of this act." Section 7: "This board shall make all rules for the payment of such funds to those entitled to receive the same." Section 9 provides for a tax of one per centum to be levied on the salaries of all members of the police department in active service at the time of the passage of the act, monthly; and the city treasurer shall retain that amount from their salaries. Section 10 provides for other sources of relief fund. Section 12 provides that the board of trustees shall formulate rules for taking care of members in active service at the time of the passage of this act, while temporarily sick or hurt, and paying the expenses thereof. Section 19 provides that "The plan and purpose of this act is to furnish aid, relief, and pension to aged and disabled members of the police department who are now, or may be in the future, in the service of such department and on the payroll of

such department; and to their dependents. That the taxation herein provided is a part of the general purpose of this act to accomplish this end." Section 20 provides for the limit of time of payment to dependents.

We have quoted from the act of 1925 all those provisions which we deem essential to an understanding of the questions made in the present case. The act does not expressly provide for any appeal from the decision of the trustees. Nor does it provide for certiorari, or any other form of appeal. The court correctly sustained the demurrer to the petition and dismissed the case. The trustees under the act were vested with a discretion in passing on the questions given to them by statute. It has been held: "Where a new right with its remedy is given by statute, and there is no provision for a review or appeal from the determination of those who administer the statute, such determinations are final. . . Under section 17 of the act granting pensions to members of the fire department (89 Ohio L. 259), the board of trustees of the pension fund is charged with the duty of determining whether the disability of the claimant was caused in or induced by the actual performance of the duties of his position as such member; and such determination, when made in good faith, is final. As the statute provides for no appeal or review from the finding and determination of the trustees as to what caused or induced his disability, it must follow that the findings and determination of the trustees in that behalf are final. It is a rule of construction that where a new right with its remedy is given by statute, and there is no provision for a review or appeal from the determination of those who administer the statute creating the right, such determination is final. In such case an adverse decision can not be overcome by appeal of original petition to a court of justice. Had the legislature intended that a cause of disability should be ascertained by litigation in court, it would have made provision therefor in the statute. The theory of the act seems to be that the board of trustees can be trusted to do full justice in each case." Karb v. State ex rel., 54 Ohio St. 383 (43 N. E. 920). And see State ex rel. Lynch v. Board of Trustees, 117 La. 1071 (42 So. 506, 511, 8 Ann. Cas. 945), and cit.; Decatur v. Paulding, 14 Pet. (U. S.) 497 (10 L. ed. 559); U. S. v. Scott, 25 Fed. 470; State ex rel. Fouché v. Verner, 30 S. C. 277 (9 S. E. 113). It has also been

held: "Where ministerial officers have discretion respecting any act they are authorized to do, courts will not by mandamus or otherwise control such discretion, unless appellate authority is specifically given; but mandamus lies where the act is not discretionary." Board of Trustees v. McCrory, 132 Ky. 89 (116 S. W. 326), citing, among others, Marbury v. Madison, 1 Cranch, 137 (2 L. ed. 60); Decatur v. Paulding, supra. Also U. S. ex rel. Dunlap v. Black, 128 U. S. 40 (9 Sup. Ct. 12, 32 L. ed. 354); State ex rel. v. Board of Trustees, 138 Wis. 133 (119 N. W. 806, 20 L. R. A. (N. S.) 1175). "The provisions of chapter 244 of the session laws of 1913, creating a firemen's pension fund, and creating a board of trustees for the same, vested in the said board of trustees the original and exclusive jurisdiction to 'direct payment of the amounts . . to the persons entitled thereto.' . . That, in the absence of a statute giving the right of appeal or review of such decisions, the board's jurisdiction is exclusive, has been definitely decided by the case of State v. Fireman's Pension Fund, 117 La. 1071 (42 So. 506, 8 Ann. Cas. 945); 21 R. C. L. § 15; Firemen's Pension Fund v. McCrory, 132 Ky. 89 (116 S. W. 326, 21 L. R. A. (N. S.), 583)."

The act of 1925 does not provide for an appeal from the decision of the trustees who determine what policemen and their families are entitled to the pension provided for in the act; and therefore the decision of such trustees is final. They are, under the act, clothed with a discretion in determining who are entitled to pensions, and under the weight of authority such determination is final. See Board of Education v. Hudson, 164 Ga. 401 (2) (138 S. E. 792).

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hines, J., who dissent.*