CARLTON *v.* WEST *el al.*, trustees.

No. 8538. FEBRUARY 13, 1932. REHEARING DENIED FEBRUARY 27, 1932.

B. C. *Broyles* and W. B. *Cody,* for plaintiff.

*Branch & Howard, Courtland S. Winn, James L. Mayson,* and J. C. *Savage,* for defendants.

HILL, J. (After stating the foregoing facts.) Plaintiff brought suit, under the act of 1924 (Ga. L. 1924, p. 167), against B. Graham West and others as joint trustees of the firemen's fund of the City of Atlanta, to recover a pension which he claimed he was entitled to as a matter of right. Under section 1 of the act it is provided: "There shall be raised and established funds for the aid, relief, and pension of members of paid fire departments who are in active service at the time of the passage of this act, and whose names are on the pay-roll of such departments and future members of such departments, and their dependents, in all cities in Georgia having a population of more than 150,000 by the United States census of 1920, or any subsequent census of the United States." Section 2 provides: "That any member of such fire department who is in active service at the time of the passage of this act and whose name is on the pay-roll, and future members, may as a matter of right retire from active service, provided he shall have served 25 years in active service at the time of his retirement." Section 4 provides: "When such member shall retire as a matter of right he shall be paid one half of the salary he was receiving at the time of his retirement, for the rest of his life, to be paid monthly," etc. Section 6 provides: "That there is hereby established, to serve without pay, a board of trustees whose duty it shall be to manage said fund which shall be kept by the city treasurer of such cities as a separate fund and covered by his bond as such. The board of trustees shall consist of the city treasurer,

the city comptroller, the chief of the fire department, and two members of the fire department to be elected by the members of said department in active service on the first Monday in September every year after the passage of this act. These two members of the department to serve one year and until their successors are elected. The city comptroller, city treasurer, and chief of the fire department to be permanent members of the board." Section 7 provides: "This board shall make all rules for the payment of said fund to those entitled to receive the same. . . The chairman shall sign all vouchers for the disbursement of the fund, and his written order shall fully protect the city treasurer in the payment of the same. A majority of the board shall control on all questions." Section 14 provides: "In case a member has served 25 years does not desire to retire, and the board of trustees deem such member incapable of further service in the department, the same proceeding shall be had as that to determine the condition of a disabled fireman as set forth in section 3 hereof. The decision shall be final." These are the material portions of the act of 1924.

In 1927 an act was passed (Ga. L. 1927, p. 265), not purporting to be an amending act, but covering the same subject-matter in some respects, and providing in part that "there shall be raised and established funds for the pension of *all officers* and *employees now in active service and on the payrolls* [italics ours], and future officers and employees, in all cities in Georgia having a population of more than 150,000 by the United States census of 1920, or any subsequent census of the United States." By section 4 of the act of 1927 it is provided that "There is hereby established a board of trustees, to serve without pay, whose duty it shall be to see that the provisions of this act are carried out by such cities; that the funds are kept separate; each of such cities shall have a board of trustees composed of the mayor, city comptroller, and city treasurer, or such officials who discharge duties usually assigned said officers. This board shall make rules prescribing forms for applicants for said pensions, and all other matters connected with their duties under this act. When a pension is awarded by said board, the award shall be transmitted to the governing authorities of said city, who shall provide some manner for verifying the facts of the petition, or other legal requirements; when so verified, a check shall be drawn on the fund provided for the payment of the

pension each month during the life of the pension, signed by the mayor and paid by the treasurer, with the notation on each check that the pension has been approved by the governing authority of such city." Provision is also made in the act of 1927 for the deduction of two per cent. from salaries, to be set apart as a pension fund free from the control of such cities for any other purpose or expenditure. It is also provided by section 10 of the act of 1927 that that act does not repeal or in any wise affect any benefit or pension now being paid under any previous ordinance or act, and that no pensioner shall receive two pensions, etc. The act of 1927 is cited in order to show that nothing contained in that act entitles the plaintiff to recover under the facts of this case. After the present suit was brought on May 22, 1931, the legislature of Georgia passed an act approved August 24, 1931, which purports to amend the act approved August 13, 1924, supra, but which, having been passed and approved subsequently to plaintiff's suit, need not be referred to in this opinion.

The present case was submitted to the trial judge for decision, without the introduction of evidence, upon the pleadings. After considering the pleadings the court ruled that the plaintiff was not entitled to a mandamus absolute as prayed. This judgment was undoubtedly correct. It will be observed that the defendants, under none of the provisions of the act of 1924 (supra), were authorized to pay the pensions provided for, but the chairman under certain circumstances is authorized to issue vouchers for the payment of such pensions. The pensions are to be paid by the treasurer of the city where the pension is held to be due; and it will be observed that the purpose of the petition for mandamus was not to require the defendants to issue the voucher for the payment of the pension, but to pay the same, which they had no right to do. It will also be observed, from reading the provisions of the act set out above, that the applicant for a pension at the end of 25 years service is entitled to the same as a matter of right upon his retirement. But the plaintiff in the present suit did not retire at the end of 25 years service, but continued to serve as a fireman ten years longer at his full salary, rather than accept a pension at half pay. It will also be observed that when the present application for pension was applied for the plaintiff had not *retired* as an official of the city, as provided in the act, but on the

contrary had been suspended, and was subsequently discharged as a fireman for certain alleged misconduct on his part, and there was no appeal by certiorari or otherwise from that decision. So we reach the conclusion, under the facts as presented by the petition and the answer of the defendant, that the plaintiff was not entitled to a mandamus absolute requiring the defendants to pay him a pension as prayed for. See State ex rel. King v. Board of Trustees, 192 Mo. App. 583 (184 S. W. 929, 188 S. W. 239); 43 C. J. 843, § 1494(c). It follows from what has been said that the judgment of the court below must be

*Affirmed. All the Justices concur, except Atkinson, J., who dissents.*

BECK, P. J., concurring specially. I concur in the judgment rendered in this case, holding that the judge did not err in refusing a mandamus absolute, but I do not concur in all that is said in the opinion written by Mr. Justice Hill. There are two reasons upon which he bases the conclusions reached. I do not concur in the first of these reasons, but do concur in the second, which was sufficient to require the judge to refuse a mandamus.