## HOLCOMB *et al. v.* SMITH.

PER CURIAM. 1. It is the opinion of the majority of this court that the instant case comes within the ruling of the majority of the court in *Smith* v. *Board of Trustees,* 173 *Ga.* 437 (160 S. E. 395).

2. In consequence of the ruling in the preceding headnote, the court erred in the issuance of a mandamus absolute requiring the payment to the petitioner of the sum of $87 per month for certain months which had already elapsed and the further sum of $87 per month as long as the petitioner may live.

*Judgment reversed. All the Justices concur, except Russell, C. J., who dissents.* BELL, J., concurs in the judgment.

No. 8981. AUGUST 13, 1932. REHEARING DENIED SEPTEMBER 22, 1932.

*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for plaintiffs in error.

*King & Partridge* and *T. J. Lewis,* contra.

RUSSELL, C. J., dissenting. The trial judge did not err in requiring by mandamus the payment of the allotted pension to the petitioner, Smith. The case of *Smith* v. *Board of Trustees,* 173 *Ga.* 437 (supra), is not in point in this case. In that case it was sought to compel the Board of Trustees for the Relief and Pension Fund of the Members of the Atlanta Police Department to revise the list of pensioners upon the fund for retired policemen, and to remove the names of certain beneficiaries who, as the petitioner alleged, were being illegally paid. That case related solely to pensions which had been granted by the board. This court held in that case that the act of the board in granting these pensions was purely ministerial; that the duties of the board as to granting pensions were discretionary and not subject to review. The case at bar is one where a pension was refused by the board in the first instance. Unlike the provision in regard to the granting of a pension, the action of the board is not final; for the act expressly provides that in case the board refuses to grant retirement pension when asked, the petitioner has the right to select a physician and notify the board of his selection; whereupon the board selects a physician; and the two select a third physician, and the three report whether the applicant is or is not so totally disabled as to be unfit for police duty, and the decision of this committee of physicians becomes final. The duties of the board, in these circumstances, become altogether different from a case in which they grant a pension and place the pensioner upon the list. When the physicians state that the pensioner is in such physical condition that he is entitled to be retired upon half pay, no discretion remains. It is the duty of the board to pay the pensioner as required by the act. It is sought in this case to say that this pensioner is not entitled to his pension, because he was later tried and convicted of conduct unbecoming an officer and dismissed from the police force, and thereby all connection and relation between himself and the board was dissolved. In my opinion, the discharge of the policeman by a conviction of the charge of conduct unbecoming an officer does not in any way affect his right to

the pension, for the reason that the trial and discharge of the defendant in error in this case occurred after his rights to a pension according to the provisions of the statute had become vested and could not thereafter be divested. By the express terms of the statute, Smith's relationship to the police force ended with the report of the physicians to the board eo instanti. He was no longer a member of the active police force of the City of Atlanta. He could not be dismissed subsequently, because the relationship from which he was dismissed had already been dissolved. He was not a member of the police force of Atlanta, but he was by the terms of the statute a retired policeman, not subject to duty, but entitled to a pension for past services. During these services he contributed one per cent. of his salary each month for years. There is no provision in the act for a return of this deduction from his salary. The deduction was made month after month and year after year, for the express purpose of providing for him in case of disability. There is no provision that his contribution to this fund shall be forfeited in case of misconduct prior to his retirement. To take from the pockets of the petitioner the money which he has been required to contribute to this fund would be to take his property without any process of law; for he is not afforded a hearing upon the question of his retirement, or a hearing as to whether his money should be returned to him; nor is any provision made that under any circumstances any should be returned to him. As said in Klench v. Board of Pension Fund Commissioners, 79 Cal. App. 171 (249 Pac. 46, 51): "And herein lies an important distinction between pension laws which, like those we now have before us, provide for pensions for services performed for the government or disabilities occurring while rendering such services after the law has been passed, and a pension system designed to care for or reward soldiers for disabilities suffered or services rendered in the past while in the military service of the country. As before suggested, where, as in the former case, 'services are rendered under such a pension statute, the pension provisions become a part of the contemplated compensation for those services and so in a sense a part of the contract of employment,'" citing O'Dea v. Cook, 176 Cal. 659 (169 Pac. 366). It is stated in 43 Corpus Juris, 818, that "Where the event on which a pension to a police officer becomes payable actually happened, the right to the pension is vested, in the view of some courts," citing

French *v.* Cook, 173 Cal. 126 (160 Pac. 411) ; Kavanagh *v.* San Francisco Pension Com., 134 Cal. 50 (66 Pac. 36) ; Klench *v.* Board, *supra.* For these reasons I dissent from the judgment of the majority.