HOOTEN *v.* HOLCOMB *et al.*

No. 9225. AUGUST 8, 1933. REHEARING DENIED SEPTEMBER 14, 1933.

*Judson Andrews* and *Sidney Holderness Jr.,* for plaintiff.

*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for defendants.

RUSSELL, C. J. Mrs. J. H. Hooten filed a petition for mandamus against the Board of Trustees of the Atlanta Police Pension Fund, making the following allegations: "J. H. Hooten, late of said city, died December 20, 1931. . . Said J. H. Hooten was, at the time of his death, petitioner's husband, and she is now his widow. . . At the time of his death J. H. Hooten was an aged retired pensioner, drawing from said board, as a matter of right, one half of his salary at the time of retirement, which pension was $87.50 per month. . . In case of the death of a pensioner, as in this case, his widow shall draw his pension, under the law in this case. . . Under the terms of the law, 'This board shall make all rules for the payment of said funds to those entitled to receive the same, but shall have no right to say who shall receive the same, that being fixed by law.' . . Said board of trustees have failed and refused to pay your petitioner such sums of money as drawn by her late husband, although application has been duly filed in due form of law, and after consideration turned down by said board, on the 11 day of May, 1932.

A copy of application, and finding of the board of trustees, is hereto attached, and made a part of this application, and marked Exhibit 'A.' . . Petitioner alleges that it is an absolute mandatory ministerial duty of said board of trustees to pay petitioner. . . Petitioner alleges that it is not discretionary with the board of trustees as to who shall draw said pension, that being fixed by the general law of the State, the creator of the act, under which said commission or trustees function." She prayed for a mandamus absolute, requiring the board to pay her the pension received by her late husband, during her widowhood.

The defendants demurred to the petition, on the grounds, briefly stated, that it appears from the petition that plaintiff's application for pension had already been considered and denied by the defendant; that the law places the granting or denying of these pensions in the discretion of defendants, and there is no provision for reviewing their discretion or setting aside their decision when made; that defendants, under the act providing for pensions and creating the board, are vested with the discretion of passing upon all applications made thereunder, and in the absence of fraud or conspiracy, or like charge, the decision and finding of the board is controlling and final, and not subject to collateral attack or in the manner undertaken in the proceeding instituted in this case. The defendants answered, admitting the refusal to grant the pension applied for, and alleging that in accordance with section 7 of the act of 1925 (Ga. L. 1925, p. 234), that "This board shall make all rules for the payment of said fund to those entitled to receive the same," the board, on December 8, 1925, made the following rule: "Upon the death of a permanent pensioner, his pension shall be paid to his widow and children, and such payment shall continue until said widow dies or remarries, and at her death or remarriage said pension shall continue to be paid to said pensioner's orphan children until they reach the age of sixteen (16) years. The term 'widow' shall mean the wife of a policeman or pensioner who was married to the policeman during the time or prior to the time that he was an active member of the police department." The answer alleged that J. H. Hooten was retired on a pension on May 1, 1927, and married the plaintiff on June 30, 1927, and therefore that she was not his "widow" as defined in the rule of the board of trustees.

By amendment the plaintiff alleged that the refusal of the board to pay her the sums of money as drawn by her late husband was a violation of the constitution of the State of Georgia, and of the United States, in that it deprived her of property without due process of law. The court decided the case on the petition, demurrers, answer, and agreed facts, and rendered judgment refusing a mandamus absolute. The plaintiff excepted.

The Board of Trustees of the Atlanta Police Pension Fund decided that the plaintiff was not entitled to a pension as the widow of her husband, because he retired from active service as a policeman before he was married to her. She admits that she married Mr. Hooten after he had been retired upon a pension from active duty by the police department of Atlanta. The power of the Board of Trustees of the Atlanta Police Pension Fund has been before this court twice recently in *Smith* v. *Board of Trustees,* 173 *Ga.* 437 (160 S. E. 395), and *Holcomb* v. *Smith,* 175 *Ga.* 566 (165 S. E. 581). See also *Carlton* v. *West,* 174 *Ga.* 394 (163 S. E. 176), which concerned the administration of the pension fund for the benefit of members of the Atlanta fire department. In *Smith* v. *Board of Trustees,* the majority of the court concluded its opinion with the statement that "The act of 1925 does not provide for an appeal from the decision of the trustees who determine what policemen and their families are entitled to the pension provided for in the act; and therefore the decision of such trustees is final. They are, under the act, clothed with a discretion in determining who are entitled to pensions, and under the weight of authority such determination is final. See *Board of Education* v. *Hudson,* 164 *Ga.* 401 (2) (138 S. E. 792)." From this judgment my very distinguished and learned colleague, Mr. Justice Hines, and myself dissented. For the same reasons, I again dissented, after the death of Judge Hines; but Mr. Justice Bell, who succeeded him, concurred with the majority in the result on the *Holcomb* case, supra. I can do no more now than again dissent, but under the ruling of the majority the judgment of the lower court must be

*Affirmed. All the Justices concur, except Russell, C. J., who dissents, and Hill, J., absent because of illness.*