No. 31,420

W. W. GARRETY, *Appellee*, v. HARRY D. COTTMAN et al., *Appellants*.

(28 P. 2d 756.)

Opinion filed January 27, 1934.

*Vincent F. Hiebsch* and *K. W. Pringle,* both of Wichita, for the appellants.

*C. A. Matson, I. H. Stearns, E. P. Villepigue, Richard E. Bird* and *Richard E. Bird, Jr.,* all of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Plaintiff brought this action against defendants, who constitute the board of trustees of the Wichita firemen's pension fund, to compel them to take official action to place him on the retired list of firemen and to grant him a pension on account of alleged injuries received in the line of duty which permanently incapacitated him from further service in his vocation.

To the alternative writ of mandamus issued at the instance of plaintiff, defendants filed a motion to quash on two grounds:

"First: For the reason that said alternative writ, on its face, fails to show that the plaintiff is entitled to any relief as directed in said writ.

"Second: For the reason that said alternative writ shows upon its face that the plaintiff would not be entitled to a peremptory writ upon the final hearing of this cause."

The trial court overruled this motion and gave defendants ten days to file an answer and return to the writ. From this ruling defendants appealed, and a stay of proceedings has been granted until its propriety is determined.

Defendants' chief contention here is that the adverse determination of the board of trustees of the firemen's pension fund on plaintiff's claim for a pension was conclusive and not subject to judicial correction by mandamus. The pertinent statute reads:

"In all cities coming under the provisions of this act, the mayor, the chief officer of the fire department and three delegates at large from the fire department of such city, to be elected by the members thereof on the first Monday in December of each 'year, whose terms of office shall be for one year, shall constitute and be a board to be known as the 'board of trustees of the firemen's pension fund.' The board shall elect from their members a president and secretary: *Provided, That in all matters relating to pensions under the provisions of this act, the determination of the board of trustees of the firemen's pension fund as to whether the death, injury or disability of any fireman was or is such as to bring the case within the provisions of this act, and also as to the dependency of any person or persons surviving any officer or member of the fire department and claiming to be dependents entitled to the benefit of this act, shall be conclusive."* (R. S. 1931 Supp. 13-719.)

In *Penquite v. Dunn,* 123 Kan. 528, 256 Pac. 130, the district court issued the writ of mandamus to compel this same board of trustees to place a disabled fireman on the retired list and grant pension rights to him. As a result of that judgment, however, and in anticipation of its necessary affirmance by this court under the then existing statute, the legislature amended the statute by adding all the italicized portion of the section quoted above.

In *Penquite v. Dunn,* supra, this court said:

"Defendants cite the case of *Board Trustees Firemen's Pension Fund v. McCrory,* 132 Ky. 89, 21 L. R. A., n. s., 583, where it was held that mandamus will not lie to control the action of a board of trustees of a firemen's pension fund where the statute made the decision of the board final and conclusive and not subject to revision or reversal except by the board itself. That express statutory prerogative vested in the board, and which is wholly wanting in our statute, renders the Kentucky decision of no significance in the present case." (531.)

It will be noted that the italicized matter in the amended section makes our present statute accord with that of Kentucky, and we cannot doubt that such was the deliberate purpose of our legislature in thus amending it.

It appears to be settled by well-considered precedents that a statute which confers upon an administrative or quasi-judicial tribunal the power to grant or deny pensions to persons in the public service and which makes its determination conclusive on such matters is valid, and the courts will not interfere therewith. (*Board of Trustees, etc., v. McCrory,* supra; *State v. Board of Trustees,*

117 La. 1071, 8 A. & E. Ann. Cas. 945 and note; *Carlton v. West,* 174 Ga. 394, 397; *People v. Board of Trustees Firemen's Pension Fund,* 95 Ill. App. 300; *Benner v. City of Chicago,* 176 Ill. App. 317; *Decatur v. Paulding,* 39 U. S. 497, 10 L. Ed. 559; 48 C. J. 791, 792.)

In *State, ex rel. Criswell, v. Board of Trustees,* 93 Wash. 468, where the supreme court affirmed a judgment denying a writ of mandamus to compel payment of benefits under the firemen's pension act of that state which made the decision of the pension board final and conclusive, it was said:

"The conclusiveness of the order of the board of pensions is urged in this court. The contention we think must be sustained. It is within the power of the legislature, when enacting a statute creating a new right with its remedy, to vest in some board or person power to adjudicate all matters arising under the statute, and to make such adjudication final and conclusive. . . . But a reading of the act convinces us that all questions concerning the administration of the act were vested in the board; the power to determine who were entitled to the fixed sum, as well as to determine who were entitled to temporary relief or to pensions under the act.

"The further claim that the right to the relief demanded is a vested right and thus subject to a determination by the courts is also without foundation. Whether the right was vested is subject to inquiry, and since the legislature has vested the board of pensions with full power and authority to determine the inquiry, its conclusion on the question is as final as it is on any other matter of which it is granted complete jurisdiction." (pp. 470-472.)

The foregoing necessarily disposes of the main question in this case.

Counsel for plaintiff invoke the time-honored principle that in the jurisprudence of this country and of this state arbitrary power is not granted and cannot be granted to any public officer or official board. Quite so. (*Photo Play Corporation v. Board of Review,* 102 Kan. 356, 359, 169 Pac. 1154; *Cities Service Co. v. Koeneke,* 137 Kan. 7, 18, 20 P. 2d 460; 43 C. J. 847; 38 C. J. 719.) But while the words "arbitrarily," "capriciously" and others of similar import appear in the recitals of the alternative writ, the facts of controlling significance are alleged as follows:

". . . The said defendants met as the board of trustees of the Wichita firemen's pension fund and rejected the plaintiff's claim for pension, and refused to place this plaintiff's name upon the retired list and pension roll of the Wichita firemen's pension fund and refused to grant pension to the said plaintiff, which said action upon the part of the said defendants and each of them acting as the Wichita firemen's pension board and as trustees for the said Wichita firemen's pension fund, appears to be without right or foundation upon the part of the said defendants and each of them, and was wrongful,

unjust, arbitrary, and without right in law, and that in so doing the said defendants and each of them did act contrary to law and arbitrarily, capriciously, and without right either in law or in equity, and did abuse their authority in such cases made and provided by statute, in that said named pension board and trustees of said pension fund refused to allow said W. W. Garrety to appear at the hearings had; that various hearings were had which were held in secret and without said W. W. Garrety being allowed to appear."

It will thus be seen that the denunciatory adverbs are merely used to express the pleader's conclusions. The facts as pleaded do not warrant those conclusions. That the defendants did not permit plaintiff to be present at their deliberations did not make out a case of arbitrariness or caprice.

The judgment of the district court is reversed and the cause remanded with instructions to sustain defendants' motion to quash and to dismiss the action.

HUTCHISON, J., not sitting.