WEST *et al. v.* CARROLL; *et vice versa.*

474

Nos. 15545, 15550. September 7, 1946. Rehearing Denied
October 11, 1946.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth,* and *John E. Feagin,* for plaintiffs in error.
*Charles G. Bruce,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The act approved February 15, 1933 (Ga. L. 1933, p. 213), on which the petitioner based his claim, repealed the pension act approved August 6, 1925 (Ga. L. 1925, p. 228), and provided for police pensions in cities having a population of more than 150,000, according to the last census of the United States. By section 2 of the act of 1933 as amended (Ga. L. 1941, p. 476) it is provided: "Every member of such police departments who has stood civil service examination and has been passed by the civil service board, and whose names are on the payroll of such police department at the time of the passage of this act, and future members of such department, may as a matter of right retire from active service, provided he shall have served twenty-five (25) years in active service at the time of his retirement; and the time of service shall be counted from the time said policeman was sworn in as a member of such department. Time served as a supernumerary shall count as active service and time of service for a pension under the terms of this act, except that any supernumerary not reporting for duty shall apply for and procure a leave of absence, during which leave he shall pay nothing into the pension fund and shall receive no credit for active service or time of service. Otherwise, a supernumerary shall pay the same and receive credit for the same time of service as a regular officer of the department." Section 5 as amended (Ga. L. 1941, p. 476) provides: "Should any member of such police department be suspended for cause, and the suspension without pay approved by the police committee, or should he be on leave of absence without pay, the time so spent under suspension or on leave without pay shall not be counted in the time required for a pension because of service in such department under the provisions of this act, and that no payment into the pension fund shall be required for the time under suspension or on leave without pay." Section 6 provides for a board of trustees, whose duty it shall be to manage the pension fund. Section 7 provides in part: "The board of trustees shall see to it that the payments of the funds under this act are made to those entitled to receive the same. . . A majority of the board of trustees shall control on all disputed questions."

The act of 1925, supra, which was repealed by the above act, established a board of trustees, whose duty it was to manage police-

pension funds in certain cities, including Atlanta, and who were authorized to make all rules for the payment of such funds to those entitled to receive the same. In *Smith* v. *Board of Trustees,* 173 *Ga.* 437 (2) (160 S. E. 395), this court held that the act of 1925 did not provide for a review or appeal from the decision of the trustees, that they were clothed with a discretion in determining who were entitled to such pensions, and that such determinations were final. The *Smith* case was followed in *Holcomb* v. *Smith,* 175 *Ga.* 566 (165 S. E. 581), *Hooten* v. *Holcomb,* 177 *Ga.* 561 (170 S. E. 803), and *Smith* v. *Holcomb,* 45 *Ga. App.* 834 (166 S. E. 218), in each of which the act of 1925 was involved.

Counsel for the defendants in the trial court contend that the true rule and what was actually held in *Smith* v. *Board of Trustees,* supra, is that, where the board acts after the exercise of its discretion and resolves issues of fact made by conflicting evidence, its findings of fact or of law based on such facts and supported by them are final. They contend, however, that in the event this court should be of the opinion that it was there ruled, as contended by the petitioner, that where the board passes on an applicant's right to pension and makes a determination there can be no review or question of this determination under any circumstances whatever, then the *Smith* case and those following it are wrong, and in such event counsel request that they be overruled.

In *City of Macon* v. *Herrington,* 198 *Ga.* 576 (4) (32 S. E. 2d, 517), it was held that the trustees were not exempt from the writ of mandamus to compel payment of a pension to a widow under the act of 1939 (Ga. L. 1939, p. 1149), which act contained the specific command that under conditions enumerated "the trustees shall authorize and direct payment" to the widow of a fireman, where it appeared without dispute from the pleadings and evidence that she was entitled to such pension, and that the trustees had declined or refused to pay the same to her.

In the instant case a majority of the board of trustees determined that the applicant was entitled to the pension under the act of 1933 (Ga. L. 1933, p. 213) as amended, and the writ of mandamus seeks to compel the secretary of the board to issue pension checks and to require the treasurer to honor the same. Section 7 of the above act contains the provision: "The board of trustees shall see to it that the payments of the funds under this act are

made to those entitled to receive the same," and "a majority of the board of trustees shall control on all disputed questions." The disputed question determined by the board was one of fact, to wit, whether the applicant for a pension had served twenty-five years in active service at the time of his retirement. While the act of 1933 is not identical either with the act of 1925, or with the Macon act of. 1939, and therefore .the above-mentioned decisions dealing with those acts would not necessarily be controlling, yet under either line of decisions the petition in the present case—which alleged that the applicant had served twenty-five years, that he had never been suspended or on leave of absence without pay, and that the board in passing on his verified application had determined that he was entitled to a pension—set forth a cause of action, and was not subject to general demurrer, as contended, on the ground that the petition, construed most strongly against the pleader, shows on its face that there was no evidence before the board of trustees which would authorize the granting of a pension to the petitioner, and that the action of the majority of the board in voting the petitioner a pension was arbitrary, capricious, without evidence to support it, and therefore incapable of constituting the basis for the present action. Since a different ruling would not result if the first four decisions relating to the Atlanta act of 1925 were overruled, the request to overrule them is denied.

The grounds of demurrer relating to the jurisdiction of the Superior Court of Fulton County were expressly abandoned in the briefs of counsel for the plaintiff in error.

While the petition for mandamus as amended contains language to the effect that the suit was against the board of trustees and two of its members, no relief was sought against the board, a majority of whose members had already voted in favor of the pension. Properly construed the proceeding was not against the board, but only against two of its members, and the petition was not subject to demurrer on the ground that there was a misjoinder of parties defendant, in that it affirmatively appears from the petition and the laws referred to therein that the board of trustees is not a legal entity capable of being sued by mandamus or otherwise except by suit against all individual members constituting said board.

The allegations that the petitioner was a member of the Atlanta Police Department continuously from October 12, 1920, when he

was sworn in as a member of the department and continued in the active service until November 15, 1945, and thus he became eligible for a pension on October 12, 1945, were allegations of fact, and the language, that he became eligible for a pension on October 12, 1945, was not a conclusion of law unsupported by the pleaded facts.

After allegations relating to a conspiracy had been stricken on demurrer, the petition did not allege any facts entitling the plaintiff to any relief against the defendant Kennedy as treasurer of the board, since it affirmatively appears that he was under no duty to issue pension checks, and there could be no demand for payment until the checks had been issued. Consequently, there was a misjoinder of parties defendant to this extent, and the name of Kennedy should have been stricken. The above error rendered further rulings nugatory in so far as they affected the defendant Kennedy as treasurer of the board. Compare *Barwick* v. *Roberts*, 188 *Ga.* 655 (4 S. E. 2d, 664).

The amendment set up certain rules of the police committee, in amplification and aid of rights already claimed in the original petition. The amendment as a whole did not materially change the cause of action, within the meaning of Code, § 81-1303, and was not subject to demurrer, as contended, on the ground that it attempted to add a new and distinct cause of action to that alleged in the original petition. Nor was the amendment subject to demurrer on the ground that it attempted to allege matters concerning the internal organization and activity of the board of trustees, which matters are of concern only to the board and in which the petitioner has no justifiable interest.

One ground of demurrer attacked the allegations of the amendment setting up rules of the Atlanta Police Committee adopted February 4, 1938, on the ground that it appears on the face of the petition that the absence from duty by the petitioner, which the demurrant contends defeats the petitioner's right to a pension, occurred prior to the adoption of said rules. The petition did not show any absence of the claimant from duty except on account of sickness, and the allegations were not subject to this ground of demurrer.

■ Another question is whether the trial court erred in sustaining the petitioner's general demurrer to the amended answer filed by West as secretary of the board. The answer contained aver-

ments to the effect that the action of the board of trustees in voting in favor of the pension was without evidence to support it, for the reason that the only evidence considered by the board in passing on the petitioner's application for a pension was the payroll records and service records of the petitioner, which showed that he was elected as a supernumerary on October 12, 1920, but performed no service as such until November, 1921, and regardless of the time he served as a supernumerary, he was absent from duty on stated occasions during the twenty-five years in question, for which he received no pay, and after such periods of absence are subtracted from the calendar period of service the latter is well below the twenty-five year requisite.

The sworn petition contained, among others, allegations to the effect that the petitioner, after serving continuously for twenty-five years, during which he was never suspended or on leave of absence without pay, filed his application for a pension by filling out a printed form furnished by the board to him for that purpose, and he answered all questions submitted in the printed form and gave all information required thereby and verified the same under oath, and the verified application was in evidence before the board at the time it passed upon his application.

While the averments of the defendants' amended answer would have been appropriate in the proceeding before the board of trustees, they would, in the mandamus proceeding, merely amount to an effort to set up facts to create a conflict with the questions and answers contained in the verified application for a pension, which, according to the sworn petition, was in evidence when the board passed upon the petitioner's claim for a pension, and which verified application supported the finding of the board that the petitioner was entitled to the pension.

Accordingly, the amended answer set forth no issuable defense to the writ of mandamus, and the trial court did not err in sustaining the plaintiff's general demurrer interposed to the answer as amended.

■ Since no issuable answer was filed, the trial court in considering the case upon the sworn petition, which was introduced in evidence, did not err in granting a mandamus absolute.

*Judgments on the main bill of exceptions affirmed in part and reversed in part. Cross-bill of exceptions dismissed. All the Jus-*

**482**

*tices concur, except Bell, C. J., who dissents from the ruling in headnote 1 (c) and corresponding parts of the opinion, and from the judgment on the main bill, and from the dismissal of the cross-bill.*