Barksdale *vs.* Cobb, Ordinary.

*

No. 3.—TERRELL BARKSDALE, plaintiff in error, *vs.* WILLIAM A. COBB, Ordinary of Upson county, defendant in error.

[1.] The mere fact that the securities reside in a different county from the one in which the application is made, is not, of itself, a sufficient reason for refusing administration.

[2.] The refusal, by the Ordinary, to grant letters of administration, *pendente lite*, is a Judicial Act; and to reverse it, appeal, and not mandamus, is the proder remedy.

Mandamus, in Upson Superior Court. Decision by Judge STARKE, at Chambers, February 22d, 1854.

The petition for mandamus set forth that Mrs. Macharine Bunckley departed this life in Upson county, in the year 1850. That a paper purporting to be the will of Mrs. Bunckley had been propounded for probate in the Court of Ordinary of said County, to which a caveat had been filed, and that the issue made thereon was now pending on the appeal in Upson Superior Court. That the petitioner made application to William A. Cobb, Ordinary of Upson county on the 17th day of August, 1853, for letters of administration *ad calle gendum, pendente lite*, on the estate of Mrs. Bunckley; that the said Ordinary, Wm. A. Cobb, refused to grant the said letters, and prayed the Court to enjoin and require the said Ordinary to grant the said letters of administration to the petitioner. .

In his answer, the Ordinary admitted the facts charged, and set forth the ground upon which he refused to grant the letters,

to wit: "Because the securities offered, reside out of the county of Upson, and no security is offered who resides in said County."

The securities offered, all lived in the county of Talbot, adjoining the county of Upson.

The Ordinary also demurred to the mandamus, on the ground that from his decision, refusing to grant the letters of administration, an appeal would lie.

At the hearing, Judge STARKE refused to grant the mandamus, and counsel for petitioner excepted.

L. B. SMITH for plaintiff in error.

O. GIBSON for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Two questions only are made in this record. 1st. Was the Ordinary of Upson right in refusing to grant temporary letters, on the ground that the securities, although ample, resided, all of them, in the neighboring county of Talbot? 2d. Was mandamus the proper remedy?

[1.] Upon the first ground, we are not prepared to sustain the Ordinary. We think that the bare fact that the securities reside in a different county from the one in which the application is made, is not of itself, a sufficient reason for refusing administration, either temporary or permanent.

We would not be understood as holding, that in every instance, and under all circumstances, the Ordinary should be compelled to accept securities residing out of the County, provided they were solvent. Their residence might be so remote as to justify him in withholding letters. For we are not unmindful of the necessity and importance of enabling that officer, as well as the heirs, of maintaining a proper supervision and control over the circumstances and condition of the parties. No such reason as that, however, exists, or is pretended to exist in the present instance.

[2.] Was mandamus against the Ordinary, the proper remedy?

Under the old Law, and before the re-organization of the Court of Ordinary, a distinction was made between letters which were granted to collect and take care of the estate until a permanent appointment was made, and letters *pendente lite.* The former, under the Act of 1799, were granted by the Clerk merely, without the action of the Court—the latter, by the Court itself. And we do not see that the alteration in the Constitution has abolished this distinction.

Now, when permanent letters are applied for, the Ordinary, acting as Clerk merely, and in vacation, may grant temporary letters *ad collegendum bona definiti.* But if letters *pendente lite* are granted, it must be by the Ordinary, acting in his Judicial character. His refusal, in the present instance, was by him, sitting as a Court. It was the judgment of the Ordinary. And the new Law, as well as the old, provides, that from every such decision *an appeal* lies to the Superior Court. And that, we think, was not only the appropriate, but the only remedy in the case. Having this specific redress provided by Statute, mandamus will not lie.

And such, we believe, has been the universal construction put upon the late Law. Nor is it true, in point of fact, that the proceeding, by appeal, would be productive of either more delay or expense than a resort to a mandamus. Indeed, in both of these respects, the appeal, we apprehend, has the advantage. But whether this be so or not, it being allowed by Law, mandamus will not lie. And on this ground, the judgment below is affirmed.