JONES *et al. vs.* SLIGH *et al.*, commissioners, *et al.*

Art. 7, sec. 6, par. 2, of the constitution provides the objects for which the general assembly may delegate power to a county to levy a tax, and power to levy and collect a tax cannot be granted for any other purpose than those specified. Therefore, the authority granted in Code, §1455 (b), to the ordinary, or such tribunal as may have jurisdiction over county matters, to levy and collect a tax upon the property in a district, sufficient to defray the expenses of erecting and maintaining fences around the lines thereof, where the provisions of the stock law have been adopted, is unconstitutional and invalid.

(*a.*) The money provided to be raised by that section of the Code is to be raised by taxation, and not by assessment; and, therefore, the case does not fall within the ruling in *Hayden vs. City of Atlanta*, 70 *Ga.*, 822, 823.

(*b.*) The tax collector not having been made a party to the bill as defendant, but only the county commissioners, an injunction was properly refused.

December 22, 1885.

Constitutional Law. Tax. Fence. Parties. Injunction. Before Judge BRANHAM. Paulding County. At Chambers. July 16, 1885.

Reported in the decision.

J. S. JAMES, for plaintiffs in error.

A. L. BARTLETT, for defendants.

BLANDFORD, Justice.

The question here is as to the constitutionality of §1455(b) of the Code. That section declares, " Said ordinary (or such tribunal as may have jurisdiction over county matters) shall be empowered to levy and collect a tax upon the property of said district sufficient to defray the expenses of erecting and maintaining said fences, said tax to be collected at the same time and in the same manner as other state and county taxes are collected." The commissioners of Paulding county assessed a tax of twenty-five per cent on the state taxes on the property in the district which had declared for no fence at an election held therefor under the act of 1880, as embraced in section 1455 of the Code, and this bill is filed against the county commissioners to enjoin the collection of this tax.

Art. 7, Sec. 6, Par. 2, constitution of this state, Code, §5190, provides that, " the general assembly shall not have power to delegate to any county the right to levy a tax for any purpose, except for educational purposes in instructing children in the elementary branches of an English education only ; to build and repair the public buildings and bridges; to maintain and support prisoners; to pay jurors and coroners, and for litigation, quarantine, roads, and expenses of courts; to support paupers and pay debts heretofore existing."

There is no authority, nor can the legislature grant any authority to a county to levy and collect a tax for any other purpose than that above specified. The authority granted by the legislature in section 1455(b), before set out, does not fall within either of the exceptions, which authorizes the legislature to grant to a county the right to levy and collect a tax, but its purpose is to levy and collect a tax for the purpose of erecting and maintaining fences. This purpose, for which the tax, when collected, is to be used, is not a purpose for which taxes can be laid and collected, as specified in the paragraph of the constitution

quoted. There being no provision in the constitution which authorizes a tax to be levied and collected, as contemplated in section 1455 (b), it must follow that the authority granted to collect a tax under this section of the Code is unconstitutional, consequently of no effect.

The money provided to be raised under this law is raised by taxation, and not by assessment. This court held, in *Hayden vs. The City of Atlanta*, 70 *Ga.*, 822, 823, that, "taxes are different from assessments for local improvements, taxes being burdens upon all persons and property alike, and compensated for by equal protection to all, while assessments are not burdens, but equivalents, and are laid for local purposes upon local objects, and are compensated for to some extent in local benefits and improvements enhancing the value of the property assessed." This decision is sustained by numerous decisions which are referred to. All property under this law in the district is to be taxed, and the same is to be collected as other state and county taxes are collected. If the act had provided for the assessment of a sum of money upon the land alone in the district and provided for its collection, probably this would not have been obnoxious to the constitution. The record shows that a large majority of the voters in the district are in favor of no fence. They could voluntarily raise the money or means to build the fences contemplated by the law, when they could have such an act passed as would not be objectioable.

The tax collector not having been made a party to the bill as a defendant, and the county commissioners only being such parties, the injunction was properly refused.

Judgment affirmed.