## KINGSBERY, justice, *v.* PEOPLE'S FURNITURE CO.

Where a suit pending on appeal in a justice's court was called for trial and the magistrate orally announced and entered on his trial calendar that the case was dismissed for want of prosecution, but did not at any time make on his docket any entry of judgment dismissing the case, and at a subsequent term, when the case came on to be heard, the defendant's counsel appeared and insisted that the case had been dismissed and could not be heard before the magistrate and a jury impaneled for the purpose of trying it, and made a motion that judgment dismissing the case be entered, which contention and motion were overruled, and the case was tried before a jury, without further participation by the defendant, or his counsel, in the trial, which resulted in a verdict for the plaintiff: *Held,* that if the defendant had a right to have a judgment of dismissal entered on the docket by the magistrate, it had, after the verdict, an adequate remedy by a writ of certiorari, and is not entitled to a mandamus compelling the magistrate to so enter such a judgment.

Argued February 14,—Decided March 26, 1908.

Mandamus. Before Judge Pendleton. Fulton superior court. December 24, 1907.

The defendant in error was sued by John Carter, in the justice's court over which the plaintiff in error presided as notary public and ex-officio justice of the peace. From the judgment of the

justice in favor of the defendant, Carter entered an appeal to a jury in the justice's court. On September 24, 1907, the day set for the trial of the case, the defendant's attorney was present, with his witnesses, but the plaintiff was absent. Upon motion of the defendant to dismiss the case for want of prosecution, the justice orally announced the case as dismissed, and made, on his trial calendar, the following entry: "Dismissed for want of pros." During the afternoon of that day, or the day following, the justice was advised by his clerk that prior to the call of the case he (the clerk) had received a message from the office of the attorney for the plaintiff that the said attorney was sick and unable to try the case and asked that it be passed; and the justice did not enter upon his docket any judgment dismissing the case for want of prosecution, because he deemed the sickness of plaintiff's counsel and his inability to try the case a sufficient excuse for his failure to appear. The case on appeal coming on to be heard before the justice and a jury duly empaneled in his court on November 27, 1907, Francis L. Eyles, as attorney for defendant, "insisted that the said appeal, or case on appeal, had been dismissed, and that the same could not be heard by the respondent (plaintiff in error) and the jury empaneled for the purpose of trying the same." The justice "heard argument of counsel on the proposition as advanced by the said attorney for the People's Furniture Company, and the said attorney opening and concluding the argument, and . . overruled the motion advanced by said attorney for said company to enter judgment dismissing said appeal or said case on appeal, and allowed the same to go to the said jury." Counsel for the defendant stated he did not desire to participate, and did not participate, in the trial of the case. The case was then tried before the jury, who rendered a verdict for the plaintiff for $60 and costs of suit. Counsel for the defendant, immediately upon the publication of the verdict, announced his intention to certiorari the case, with no suggestion at any time having been made of any intention to secure the issuance of a mandamus nisi. On December 9, 1907, the defendant in error made application to the judge of the superior court for a mandamus requiring the justice of the peace to enter upon his docket his judgment dismissing said case. By agreement this application was heard before the judge in vacation, the statements contained in the application and response of the justice

thereto being admitted by the parties, as in substance set forth above; and on December 24, 1907, the judge granted a mandamus absolute requiring the justice to enter his judgment dismissing said case on his docket; whereupon the respondent excepted.

*Payne, Jones & Jones,* for plaintiff in error.

*Francis L. Eyles* and *E. T. Talmadge,* contra.

HOLDEN, J. (After stating the facts). The Civil Code, § 4867, provides: "All official duties should be faithfully fulfilled, and whenever, from any cause, a defect of legal justice would ensue from a failure or improper fulfillment, the writ of mandamus may issue to compel a due performance, if there be no other specific legal remedy for the legal rights." Conceding that the People's Furniture Company had the legal right to have the magistrate enter on his docket a judgment of dismissal of the case, was mandamus, under the facts stated, the remedy by which to have this done? Mandamus was not the proper remedy unless "there was no other specific legal remedy for the legal rights." Under the facts of this case, was certiorari a specific legal remedy to effectuate the legal right of having the judgment of dismissal by the magistrate entered upon his docket? In the case of *Starnes* v. *Tanner,* 73 *Ga.* 144, it was held: "If a justice of the peace improperly refused a motion to enter up judgment against a garnishee who was in default, the proper method of correcting such error was by certiorari, and not by mandamus to compel him to enter the judgment." It was there further held that mandamus never issues unless there is no other specific legal remedy for such rights; which is substantially the same law laid down in the Civil Code, § 4867. *Napier* v. *Poe,* 12 *Ga.* 170; *State* v. *Georgia Medical Society,* 38 *Ga.* 608 (95 Am. D. 408). But in the case of *Singer Mfg. Co.* v. *McNeal Co.,* 117 *Ga.* 1005 (44 S. E. 801), where a writ of certiorari was sued out upon the refusal of the magistrate to enter a default judgment against a garnishee failing to answer, it was held that such writ was prematurely sued out, because the garnishment proceeding was still pending in the magistrate's court after the refusal to render such judgment against the garnishee. This case overruled the decision in *Starnes* v. *Tanner,* supra, in so far as the latter was in conflict therewith; but it does not change the principle announced in the *Starnes* case, that if there was a specific remedy by certiorari, a remedy by mandamus did not exist. In this case the company

not only made a motion that the magistrate enter. a judgment of
dismissal, but, when the case was called for trial upon appeal,.
counsel for the company appeared, and the record shows that, "said
appeal coming on to be heard before respondent [plaintiff in error]
and a jury duly impaneled in court, the attorney for the com-
pany insisted that the case had been dismissed and that the same·
could not be heard by the magistrate and a jury impaneled for the
purpose of trying the same." It does not appear in what manner·
the jury was stricken, but it appears that it was duly impaneled
when the case came on to be heard; and the meaning of the agreed
statement of facts would seem to be that the attorney for the com-·
pany, after the jury was duly impaneled, insisted before the magis-·
trate not only that the case had been dismissed, but that it could
not be heard before the jury "impaneled for the purpose of trying
the same." It is unnecessary to consider what the word "impan-·
eled" means in its technical sense. See Penal Code, § 848, where,.
in the same sentence, the word "impaneled" seems to denote a
number of jurors from which to strike, and a number of jurors
after being stricken. The language used in regard to a "jury," in
the agreed statement of facts, seems to indicate that the word
"impaneled" was used in the sense of "selected." But whether it
meant jurors present and qualified, from which to strike a jury
to try the case, or whether it meant a jury already selected, it ap-·
pears that counsel for the company insisted before the magistrate
that the case could not be heard by him "and a jury impaneled for
the purpose of trying the same" *when. the case came on to be heard*
before the magistrate "and a jury duly impaneled in said court,"
and the action of the magistrate, in denying the motion and over-
ruling the objections, was subject to review by writ of certiorari
after the case was tried by a jury and a verdict rendered. It fur-·
ther appears from the facts that the magistrate, after hearing argu-
ment from the attorney for the company, who opened and concluded
the argument, overruled the motion to enter judgment dismissing
the case, and allowed the same to go to "the said jury." The case
then went to trial, in which counsel for the company did not par-
ticipate, but, after the jury rendered its verdict, he announced his.
intention to sue out a writ of certiorari. It seems that counsel
for the company, after the jury was duly impaneled, objected to
the case being tried by the jury, though he did not participate

therein. This action of the magistrate in denying the motion of the attorney for the company that the magistrate enter a judgment dismissing the case, and in overruling his objections to the case being tried by a jury, was reviewable by certiorari. *Sing Wah* v. *Singer,* 110 *Ga.* 299 (34 S. E. 1027). Before making an application for the writ of mandamus, it was proper for the applicant to make a demand that the magistrate enter the judgment of dismissal on his docket. *Leonard* v. *House,* 15 *Ga.* 473. If such motion had been made and refused by the magistrate at a time other than when the case came on to be tried, whether the action of the magistrate in refusing the motion could or could not have been reviewed by a writ of certiorari, it is certain that the company could by such writ review the action of the magistrate in overruling the motion to enter judgment dismissing the case, and the objection to the trial because the case had been dismissed, when such motion and objection were made when the case came on to be tried before a jury who rendered a verdict for the plaintiff in the case. The right to a mandamus compelling the magistrate to enter a judgment of dismissal would not exist unless it would be erroneous for the magistrate to refuse a motion made before him to enter such judgment. If it was erroneous to refuse such motion, and the motion was made when the case came on to be heard before the jury, certainly error could be assigned on such refusal, in an application for certiorari, after the verdict of the jury against the applicant. A party complaining of a verdict against him can, in an application for a writ of certiorari, assign error on any ruling of the magistrate, adverse to the applicant, made when the case came on for trial.

If it was error to refuse a motion to enter a judgment of dismissal, this action of the magistrate refusing such motion when the case came on to be heard could not only be reviewed by certiorari, but, upon the hearing of the certiorari, the judge of the superior court could set aside the verdict and render a final judgment dismissing the case, or remand it with instructions that the magistrate enter on his docket a judgment dismissing the same— the very thing and the only thing sought by the company in the mandamus proceeding. The docket and papers in the case in the justice's court do not show that there was not a clear track over which the case traveled from the issuance of the summons to the verdict, unobstructed by any judgment of dismissal. The defend-

ant in error sought, by mandamus, after the trial and verdict, to have a judgment of dismissal placed on the docket, in front of the verdict, for the purpose of defeating it; but when the defendant in error appeared in the justice's court, when the case came on to be tried before the magistrate and a jury, and insisted before the magistrate that the trial could not be had, because the case had been dismissed, and made a motion to enter judgment dismissing the case, and the objection and motion were overruled, defendant in error put itself in a position where it had a right, by certiorari, to review the action of the court in having the case tried over its objection, and in overruling its motion, involving the very question in the mandamus proceeding; and as it had a clear and undoubted right by certiorari, if it was erroneous to enter a judgment of dismissal, to do the very thing it seeks to accomplish by mandamus, it is not entitled to operate with the writ of mandamus for the purpose of having a judgment of dismissal entered on the docket, under the plain provisions of the Civil Code, §4867, and the decisions cited above.

*Judgment reversed. All the Justices concur.*