LINDSEY *et al.* *v.* BOARD OF COMMISSIONERS OF ROADS AND REVENUES OF COLQUITT COUNTY.

No. 7286.   October 19, 1929.

*J. L. Dowling,* for plaintiffs.   *J. O. Gibson,* for defendants.

GILBERT, J. Lindsey and others, residents and taxpayers of Ty Ty (1374) militia district sought, by petition for mandamus, to compel the Board of Commissioners of Roads and Revenues of Colquitt County to build fences around portions of the district. The petition alleges that an election held on April 20, 1929, in accordance with the provisions of the Civil Code (1910), § 2037, resulted in favor of stock law and against fences for the district; that demand had been made upon the commissioners for the erection of fences and gates as provided by §§ 2043, 2047, where the lines of the district touch upon non-stock law area; and that the commissioners had declined to build the fences. A demurrer and an answer to the petition raised the contention that so much of sections 2043 and 2047 of the Civil Code as imposes upon county officials the duty of erecting fences around districts which have adopted the provisions of the stock law, as provided in § 2037, violates article 7, section 6, paragraph 2, of the constitution, which limits the purposes for which the General Assembly has power to delegate to counties the right to levy taxes; and that the levy of a tax for the purpose of building the fences mentioned is prohibited thereby. The court sustained this contention and refused a mandamus absolute. The plaintiffs excepted.

The right to extraordinary aid of mandamus exists only where the applicant has a clear legal right to the relief sought, and there is no other adequate remedy. These two conditions must coexist. *Mattox* v. *Board of Education,* 148 *Ga.* 577, 581 (97 S. E. 532, 5 A. L. R. 568). Here it is sought to force public officials to expend county funds. In *Park* v. *Candler,* 113 *Ga.* 647, 670 (39 S. E. 89), this court said: "But certain it is that the courts should not by mandamus compel the custodian of the public funds of the State to pay out a portion thereof, when such payment would be a violation of the fundamental law of the State." Would such payment as here sought be in violation of the fundamental law of the State? We think that clearly it would be. There appear to be two reasons why this is so. First, the statutes providing for the erection do not expressly provide that such stock fences shall be erected at the expense of the county as a whole, and authority was not conferred for the levy of a tax for the specific purpose. Ga. Laws 1880-81, p. 80, § 3; *Puckett* v. *Young,* 112 *Ga.* 578 (37 S. E. 880). Second, if the statutes are so construed, such construction would bring them

into conflict with the constitution of Georgia, to wit: "The General Assembly shall not have power to delegate to any county the right to levy a tax for any purpose, except for educational purposes; to build and repair the public buildings and bridges; to maintain and support prisoners; to pay jurors and coroners, and for litigation, quarantine, roads, and expenses of courts; to support paupers, and pay debts heretofore existing; to pay the county police; and to provide for necessary sanitation." Art. 7, sec. 6, par. 2; Civil Code (1910), § 6562. It is our duty to give to a statute a construction which will not render it unconstituional, if such can be done.

Code section 2043 is taken from section 2 of the act of 1881 (Ga. Laws 1880-81, p. 79-81). Section 3 of that act, by which it was sought to provide the means by which the county authorities could comply with the duty imposed by section 2 of that act, was as follows: "That said ordinary (or such tribunal as may have jurisdiction over county matters) shall be empowered to levy and collect a tax upon the property of said district, sufficient to defray the expenses of erecting and maintaining said fences, said tax to be collected at the same time and in the same manner as other State and county taxes are collected." This act is found in the Code of 1882, §§ 1455 et seq., section 3 of the act becoming section 1454(b) of that code. In 1885 the case of *Jones* v. *Sligh, 75 Ga. 7,* was before this court, where it was held that section 3 of that act was unconstitutional. The court said: "Art. 7, sec. 6, par. 2, of the constitution provides the objects for which the General Assembly may delegate power to a county to levy a tax, and power to levy and collect a tax can not be granted for any other purpose than those specified. Therefore the authority granted in Code § 1455(b) to the ordinary, or such tribunal as may have jurisdiction over county matters, to levy and collect a tax upon the property in a district, sufficient to defray the expenses of erecting and maintaining fences around the lines thereof, where the provisions of the stock law have been adopted, is unconstitutional and invalid." In subsequent codes these sections with reference to the erection of fences and gates were continued, although section 3 of the act of 1881, which provided the means of defraying the expenses thereof, and which had been declared unconstitutional, was discontinued. The act of 1899, as it appears in the Civil Code (1910), § 2043, pro-

vides that in no event shall the provisions of stock law come into effect unless within six months after the election the required fences and gates have been erected. Ga. Laws 1899, p. 29. Subsequently were passed the acts of 1909 (Civil Code (1910), § 2044), and 1916 (Ga. Laws 1916, p. 41, 8 Park's Code Supp. 1922, § 2044). These acts bear out the theory that it was not the legislative intent that the expense of erecting such fences and gates should be borne by the county as a whole out of general county funds, since these acts undertake to provide for the collection of a tax from the citizens of the district to be enclosed. Clearly, if section 3 of the act of 1881 was unconstitutional and void for the reasons stated, section 2043, if construed as being mandatory upon the county authorities to expend county funds for the erection of fences and gates, would be unconstitutional. The same principle was involved in *Smith* v. *State,* 160 *Ga.* 857 (129 S. E. 542), and *Floyd County* v. *Scoggins,* 164 *Ga.* 485 (139 S. E. 11, 53 A. L. R. 1286), and the rulings there made are binding in the present case. The court therefore properly refused to grant a mandamus absolute.

*Judgment affirmed. All the Justices concur.*