ROLLINS *v.* ELDER *et al.*

No. 10132. February 16, 1935.

*James A. Miller* and *A. C. Corbett,* for plaintiff.

*J. L. Mayson, C. S. Winn, J. C. Savage,* and *Jones, Fuller, Russell & Clapp,* for defendants.

Russell, Chief Justice. R. E. Rollins, as a taxpayer of the City of Atlanta, filed a petition praying for mandamus absolute against Riley F. Elder, as municipal revenue collector and ex-officio marshal of said city, requiring him to collect the full amount of taxes assessed by the city against the property of the Atlanta-Southern Dental College, naming him in his official capacity, the City of Atlanta, and the Atlanta-Southern Dental College as defendants. It was alleged, that certain assessments of the real estate of the dental college were made for the years 1926 to 1932, inclusive;

that the taxes remained unpaid until the mayor and council of the city, on August 3, 1933, passed a resolution authorizing settlement of the taxes on a basis of 25 per cent. of the original amounts assessed; that in pursuance thereof the dental college paid to the municipal tax-collector the amount agreed on; that the Dental College is legally obligated and bound to pay 'to the city the balance of the original amount assessed for the period named; that Elder fails and refuses to collect or require the college to pay that amount, contending that under the said resolution he is not bound to collect it. In the petition section 1899 of the City Code of Atlanta, requiring tax fi. fas. to be issued by the city clerk, was set out. The prayer was that Elder, as municipal revenue collector and ex-officio marshal of the city, be required by mandamus absolute to collect, by levy and sale or otherwise, the full amount of taxes assessed by the city against the property of the college; No relief was prayed against the city. The City of Atlanta and Elder filed a demurrer on the grounds, among others, that the facts set out did not justify the relief prayed for or constitute a basis for the writ of mandamus, and that it appears that no fi. fas. are outstanding against the college, but they have been satisfied and canceled, and there is nothing on which the writ of mandamus could operate. The college demurred on the ground that the petition did not set forth any cause of action or reason why mandamus should be granted. The court sustained the demurrers, and the plaintiff excepted.

The petition, according to the universal rule, must be construed most strongly against the pleader. Thus construed, no tax fi. fas. against the Atlanta Dental College are in the hands of the municipal revenue collector, and under the city charter he has no power to issue such fi. fas. While the City of Atlanta is made a party defendant, there is no prayer of any kind for relief against the city. There is not even a prayer for general relief. Mandamus is sought only against Elder, an official subject to the orders of the mayor and city council. The fi. fas. once issued against the Atlanta Dental College have been paid off, and the revenue collector no longer has any control over them. There is nothing in the city charter to authorize him to issue fi. fas. or to collect taxes other than by the enforcement of fi. fas. issued by the city clerk, who is authorized by the charter to issue all tax fi. fas. Therefore it is not shown that the revenue collector has any duty or power to do what the

**318**

petitioner seeks to have done. Mandamus will not lie to require an officer to act, where there is not a clear and plain duty devolving upon him under the law. *Mattox* v. *Board of Education,* 148 *Ga.* 577 (97 S. E. 532, 5 A. L. R. 568) ; *Talmadge* v. *Cordell,* 167 *Ga.* 594 (146 S. E. 467) ; *Lindsey* v. *Board of Com.,* 169 *Ga.* 368 (150 S. E. 261). The city through the revenue collector has already finally acted upon the tax matters involved. Furthermore, mandamus will not lie to require the collector to act again and to correct errors, if any, which he may have committed. *Chapman* v. *Dobbs,* 175 *Ga.* 724, 729 (166 S. E. 22). The petition failed to show cause for a writ of mandamus, and the general demurrer was properly sustained. *Judgment affirmed. All the Justices concur.*