CHEEK *v.* EVE, ordinary.

No. 10686. JANUARY 18, 1936.
ADHERED TO ON REHEARING, MARCH 20, 1936.

*Vaux Owen* and *Abram Levy,* for plaintiff.
*D. G. Fogarty* and *Oswell R. Eve,* for defendant.

RUSSELL, Chief Justice. Ethel Cheek presented to the ordinary of Richmond County a petition praying that her brother, Benjamin T. Hardison, a veteran of the World War, be adjudged incompetent, and that he be committed to the Veterans Administration Facility at Augusta, as provided by an act of the General Assembly of Georgia approved August 5, 1929 (Ga. L. 1929, pp. 248-256, Code of 1933, §§ 49-801 to 49-816) that citation issue and be served personally on Hardison, requiring him to show cause why the prayers of the petition should not be granted. The petition alleges that Hardison is within the limits of Richmond County; that he is a veteran of the World War; that he has been rated incompetent under the regulations governing the Veterans Administration, as shown by a certificate attached to the petition; that he is a patient at the Veterans Administration Facility at Augusta, and has demanded his release therefrom; that he is eligible for treatment in the Veterans Administration Facility, and there are adequate facilities available for him at said hospital, as shown by a certificate of the hospital, attached to the petition; that commitment of Hardison to the Veterans Administration Facility at Augusta is necessary for his proper care and treatment; and that his commitment is for the public safety, as he has demanded his release from said hospital. The ordinary declined to assume jurisdiction, and declined to file the petition, on the grounds: (1) That no sufficient facts are set forth in the petition to give the court of ordinary jurisdiction thereof, in that the petition fails to allege that

Hardison is a resident of Richmond County or the State of Georgia, fails to allege the place of his legal residence, fails to allege the circumstances under which he is a patient in the Veterans Administration Facility at Augusta, Georgia, and fails to allege that through his own volition Hardison came into and is now in the territorial jurisdiction of the court of ordinary. (2) That Hardison is not a legal resident of said State and county. (3) That Hardison is a resident of Tennessee or Alabama, and was transferred, while incompetent, to the Veterans Administration Facility at Augusta, Georgia, and he had and has no capacity to transfer his legal domicile to Georgia. (4) That neither the ordinary nor the court of ordinary of Richmond County has jurisdiction, under the act of 1929, to commit a citizen of another State to the Veterans Administration Facility at Augusta. (5) That section 11 of the act of 1929 is violative of the due-process clause of the constitution of the United States. On refusal of the ordinary to allow the petition to be filed, the petitioner presented to the judge of the superior court of Richmond County her petition praying mandamus nisi requiring the ordinary to show cause why he should not file the petition. The judge refused to grant a mandamus nisi, and the petitioner excepted.

We are of the opinion that the judge was right in refusing to grant a mandamus, but on a theory different from that considered by him. We are of the opinion that certiorari was the only method provided by law by which the action of the court of ordinary could be reviewed. It is provided in the Code of 1933, § 64-101, that "whenever, from any cause, a defect of legal justice would ensue from a failure or improper performance, the writ of mandamus may issue to compel a due performance, if there shall be no other specific legal remedy for the legal rights." The original petition was addressed to the ordinary, but in the order refusing to allow the petition filed it is stated that the "court of ordinary of said county, and as well Oswell R. Eve, ordinary of said county, decline to assume jurisdiction in the above stated matter, and decline to file the said petition," for reasons thereafter stated. There are several decisions in which this court has held that the findings of an ordinary on matters such as the laying out of a road and the payment of accounts are not judicial acts; and this would seem to apply to a board of county commissioners if charged with the

financial administration of county affairs as well as to an ordinary acting in the same capacity, should there be no county commissioners. We are of the opinion that when the ordinary refused even to file the petition, on the ground that the court of ordinary was without jurisdiction to entertain it, there was exercised a judicial function of the court of ordinary, which should have been reviewed after the sanction of a writ of certiorari by a judge of the superior court; and that mandamus is not a proper remedy for the correction of the errors set forth in the petition for mandamus. That the act of the court of ordinary was judicial seems clearly apparent from *Shiftlett* v. *Dobson*, 180 *Ga.* 23 (177 S. E. 681): "The writ of certiorari shall lie for the correction of errors committed by justices of the peace, corporation courts or councils, or any inferior judicatory, or any person exercising judicial powers, including the ordinary, except in cases touching the probate of wills, granting letters testamentary and of administration." Code of 1933, § 19-101. "When either party in any cause in any court of ordinary shall take exceptions to any proceeding or decision in any cause, affecting the real merits of such cause, the party making the same shall offer such exceptions in writing, which shall be signed by himself or his attorney, and if the same shall be overruled by the court, such party may petition the judge of the superior court for a writ of certiorari, in which petition he shall plainly, fully, and distinctly set forth the errors complained of; and if such judge shall deem the objections to be sufficient, he shall forthwith issue a writ of certiorari, directed to the ordinary, requiring him to certify and send up to the superior court, at the time specified in said writ, all the proceedings in said cause." § 19-201. See *Barksdale* v. *Cobb*, 16 *Ga.* 13 (2); *Kingsbery* v. *Peoples Furniture Co.*, 130 *Ga.* 365 (60 S. E. 865).

In *Starnes* v. *Tanner*, 73 *Ga.* 144, where mandamus was sought in order to compel a justice of the peace to enter judgment against a garnishee who was in default, it was held: "If a justice of the peace improperly refused a motion to enter up judgment against a garnishee who was in default, the proper method of correcting such error was by certiorari, and not by mandamus to compel him to enter the judgment. A mandamus will issue to compel a performance of duty only in cases where a defect of legal justice would arise from a failure or improper fulfillment of such duty;

but it never issues unless there is no other specific legal remedy for such rights." The decision in the *Starnes* case was overruled in part in *Singer Manufacturing Co.* v. *McNeal Paint & Glass Co.,* 117 *Ga.* 1005 (44 S. E. 801), but not to the extent of changing the principle announced therein that, if there was a specific remedy by certiorari, the remedy of mandamus did not exist. In the ruling here made, we of course do not inquire into the merits of the case as presented to the court of ordinary, and make no adjudication as to whether the judgment of the ordinary was correct. The petitioner having an adequate remedy by certiorari, it is proper that this court should affirm the judgment refusing to grant a mandamus, without reference to the merits of the petition presented to the court of ordinary. See *Shreve* v. *Pendleton,* 129 *Ga.* 374 (2) (58 S. E. 880, 12 Ann. Cas. 563). On the well-settled principle that a judgment can not be reversed even though the trial court may not have stated a correct reason supporting his decision, the judgment of the superior court refusing a mandamus must be.

*Affirmed. All the Justices concur, except Atkinson, J., who dissents.*