BLOUNT *v.* PARHAM, mayor, *et al.*

No. 11832. JUNE 17, 1937.

*George G. Finch,* for plaintiff. *Ezra E. Phillips,* for defendants.

BECK, Presiding Justice. E. M. Blount filed his application for mandamus against Parham, the mayor, and the aldermen of the City of East Point, and alleged that on December 11, 1935, he was employed as a special police officer by the City of East

Point for a period beginning on that date and ending on January 6, 1936; that on January 7, 1936, pursuant to the charter of the City of East Point, he was "elected a regular policeman of the City of East Point;" that after this election he took the oath of office required of all other regular policemen; that notwithstanding his competency and good behavior, and that no charges were preferred against him, he was dropped from the force by action of the city council on February 3, 1936; that this was in violation of the provisions of the charter of the City of East Point; and that he was entitled to be reinstated as such regular policeman and entitled to receive his salary from the date of his removal until the date of his reinstatement. He prayed for a mandamus absolute requiring the respondents to reinstate him, and for such other relief as he was entitled to under the facts. In addition to referring to the charter of the City of East Point. he attached to his petition excerpts, duly certified by the city clerk, from the minutes of the city council of the date when he was dropped from the service, as follows:

"Mr. Orr presented to council a schedule of salaries for officials and employees for 1936, as follows: Chief of Police, $190.00 per month. Policemen (five) $135.00 per month each. Policemen (two) $90.00 per month each. Police Secretary $75.00 per month. The following employees were elected by ballot:" Then followed the name of each policeman and his salary, one of these being "E. M. Blount, $90.00 per month."

In the charter of the City of East Point, enacted by the General Assembly in 1922 (Ga. L. 1922, pp. 795 et seq.), it is provided in section 1 as follows: "That the police force of the City of East Point shall consist of a chief of police, and such other officers and men as the city council may by ordinance prescribe. They shall take an oath to faithfully and impartially discharge the duties imposed on them by the laws of the State and the ordinances of said city, and shall give such bond as may be required of them by the city ordinance. Said chief of police, officers and men shall be elected" on a date named in the act, "and when so elected shall serve without any fixed term of employment. Said chief of police, officers and men so elected shall serve during good behavior and efficient service, both of which to be judged by the city council. . . Said city council shall furthermore establish

rules and regulations for said police department under the civil-service plan, and all officers and employees thereof shall serve under civil-service rules during good behavior and efficient service, to be finally and exclusively judged by said city council."

After considering the facts alleged in the petition for mandamus and the provisions in the charter of the City of East Point, this court is of the opinion that the action of the mayor and council in dropping the petitioner from the police force of the city was unauthorized. No charges were made against him, and there was no trial upon any charge; yet it is manifest from the provisions of the charter that a hearing should have been had. Besides the provisions above quoted, the charter contains these further provisions: "For a failure to perform any duty required by law or the ordinances of said city, or the rules and regulations as prescribed by the city council, the officers and members of said department [police department] shall be subject to suspension, either definitely or indefinitely, or removal from office by the decision of said city council, whose decision shall be final. . . The manner of preferring charges against any officer or member of said department, and the manner of their trial, shall be prescribed by ordinance," etc. This language in the charter contemplates a trial for the removal of police officers. In *City of Macon* v. *Bunch,* supra, it was held: "The discharge of a policeman or detective of the police force of Macon, in direct contravention of the charter provision of that city requiring a trial before dismissal, is a nullity; and the discharged officer would be entitled to the salary of his office although he performed no duties of his office, especially where he stood ready to perform them." The charter of the City of Macon there under consideration provided that no member of the police force should be discharged or suspended for more than ten days, without first having had a trial; and in the opinion this court said: "Suspension or dismissal of these officers under this act for a period longer than ten days was no longer left subject to the discretion of the municipal authorities. They could be dismissed or suspended for a longer period than ten days only after trial and judgment ousting them. . . When suspended or removed longer than ten days without trial, such suspension or removal would be unlawful, and he would still be a de jure policeman, and legally entitled to the office." Under the quoted provi-

sions of the charter of the City of East Point, the petitioner was entitled to a trial before he could be removed; and under the ruling above quoted, and his allegations that no charges were preferred against him, and that he was given no opportunity to be heard before his removal, which allegations are not here disputed, the petitioner was entitled to be reinstated in the office from which he had been ousted. The court erred in sustaining a general demurrer and dismissing his petition.

*Judgment reversed. All the Justices concur.*