BALLARD *v.* MAYOR AND COUNCIL OF CARROLLTON *et al.*

JENKINS, Justice. 1. The writ of certiorari ordinarily furnishes a full and adequate remedy at law for the correction of errors in decisions by municipal corporations, courts or councils, rendered in the exercise of judicial powers; so that even though a property right may be primarily involved in such manner as would authorize the injured party to resort to equity, he is not entitled to claim such relief, where he has already appeared before the municipal judicatory, and that body has rendered an adverse decision. His remedy under such circumstances was to have corrected by certiorari any error in the decision. *City of Cedartown* v. *Pickett,* 193 *Ga.* 840, 842 (20 S. E. 2d, 263), and cit.; Code, §§ 19-101, 19-203.

2. The instant petition to enjoin a mayor and city council and chief of police from enforcing an order suspending a city license to operate taxicabs, from prosecuting the petitioner for doing business without a license after such suspension, and from interfering with his business, alleges that the city officials passed the order of suspension after a hearing on a petition to them by the chief of police, on the ground that one of petitioner's drivers had illegally carried liquor in a taxicab; but that neither petitioner nor the driver was guilty of such an act; and that petitioner was not legally served with said petition or any order to show cause thereon, "was not present at the hearing," and was not "in the city . . at the time." The petition now attacks the ordinance under which the license was revoked, as void, because it fails to provide any method of service of notice as to a hearing to revoke such a license, no procedure therefor, and no method of defense. However, the order suspending the license, copy of which is attached to the petition, recites that the petitioner appeared and was "represented" at the hearing, and that the order was passed after a hearing at which evidence was submitted, not only on behalf of the city, but for the

present petitioner. The averments of the petition being entirely consistent with the recital in the attached order, and there being no other allegation to negative the recital in the order that he participated in the hearing, even though he may not have been personally present, the general rule must be given application. The court did not err in dismissing the action on general demurrer.

*Judgment affirmed. All the Justices concur.*