HAYES *v.* BROWN, Justice of the Peace, *et al.*

No. 16585. APRIL 14, 1949.

*Casey Thigpen,* for plaintiff.

WYATT, Justice. "All official duties should be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper performance, the writ of mandamus may issue to compel a due performance, if there shall be no other specific legal remedy for the legal rights." Code, § 64-101. "The right to the extraordinary aid of mandamus does not exist when there is available to the party seeking the

writ a specific legal remedy." *DeBerry* v. *Spikes*, 188 *Ga.* 222 (3 S. E. 2d, 719), and cit. Ordinarily, errors of law committed by a justice of the peace in the rendition of a judgment may be corrected by certiorari. It is provided by the Code, § 19-101, that "the writ of certiorari shall lie for the correction of errors committed by justices of the peace, corporation courts or councils, or any inferior judicatory, or any person exercising judicial powers." The Code, § 19-203, further provides: "When either party in any cause in a justice's court, municipal corporation or police court, council, or any inferior judicatory, or before any person exercising judicial powers, shall be dissatisfied with the decision or judgment in such cause, such party may apply for and obtain a writ of certiorari by petition to the superior court, in which petition he shall plainly and distinctly set forth the errors complained of."

In determining whether a writ of certiorari will lie to a decision or judgment of an inferior court, a paramount question for consideration is whether there was exercised a judicial function as distinguished from a ministerial act, for certiorari is an available remedy for the correction of erroneous judgments in the exercise of judicial powers, but ordinarily is not a proper remedy to correct errors relating to ministerial acts.

It is apparent that the complaint in this case concerns a decision of a justice of the peace in the exercise of judicial powers, for if a justice ever exercises those powers—and he does—he exercises them in trying a case without a jury and rendering his judgment thereon. His determination of a cause tried before him is clearly distinguishable from such acts, held to be ministerial, as issuing an execution (*Scott* v. *Bedell,* 108 *Ga.* 205, 33 S. E. 903), and a refusal by him to accept and file an appeal to a jury in the superior court (*Wade* v. *Combined Mutual Casualty Co.,* 201 *Ga.* 318, 39 S. E. 2d, 681).

We need consider but one other question in determining whether the writ of certiorari was available in the present case. Was the decision of the justice such a final judgment as would afford an aggrieved party the right to a writ of certiorari? In *Starnes* v. *Tanner,* 73 *Ga.* 144, where mandamus was sought in order to compel a justice of the peace to enter judgment against a garnishee who was in default, it was held: "If a justice of the peace

improperly refused a motion to enter up judgment against a garnishee who was in default, the proper method of correcting such error was by certiorari, and not by mandamus to compel him to enter the judgment. A mandamus will issue to compel a performance of duty only in cases where a defect of legal justice would arise from a failure or improper fulfillment of such duty; but it never issues unless there is no other specific legal remedy for such rights." The decision in the *Starnes* case was overruled in part in *Singer Manufacturing Co.* v. *McNeal Paint & Glass Co.*, 117 *Ga.* 1005 (44 S. E. 801), where it was held that such a judgment was not a final judgment; and that, in view of the provisions of the Code, § 19-209, the writ of certiorari will lie only after the rendition of a final judgment, and was prematurely sued out to such a refusal to enter judgment, if it could "be at all treated as a decision of the court." While the latter decision overruled the *Starnes* case in part, it did not overrule that case "to the extent of changing the principle announced therein that, if there was a specific remedy by certiorari, the remedy of mandamus did not exist." *Cheek* v. *Eve*, 182 *Ga.* 30 (184 S. E. 700).

We are of the opinion that when the justice of the peace in the present case entered a judgment, in which he found for neither party but transferred the case to a trial before a jury, the justice exercised a judicial function and rendered a final judgment, in so far as a trial before him was concerned. The judgment clearly purports to be a final disposition of the case before the justice, as much so as if he had rendered a judgment for one party or the other; and if, as a matter of law, his disposition of the case before him was error, the writ of certiorari will lie to correct the error. This case, we think, is clearly distinguishable from the *Singer Manufacturing Company* case, where a justice, after motion to enter judgment against a garnishee by default, refused to render any judgment at all. In such a case, of course, the justice had not disposed of the matter before him; and, since the case was still pending before him and no judgment had been entered, there was no final judgment from which certiorari would lie. Here, however, the justice had rendered his judgment, whether right or wrong, and had finally disposed of the matter before him by transferring the case to a trial before a jury. If,

in rendering his final decision in the case tried before him, he erroneously decided the issues or failed to decide them in his judgment, certiorari is an available remedy to correct such errors. Accordingly, it is our opinion that mandamus is not an available remedy to compel a justice of the peace to set aside a decision or judgment rendered by him in the trial of a case without a jury and to compel him to render a different judgment.

For the foregoing reasons, no error was committed in the refusal to sanction the petition for mandamus.

*Judgment affirmed. All the Justices concur. Bell, J., concurs in the result only.*