## Densmore v. West *et al.*, trustees.

Hawkins, Justice. W. G. Densmore filed his petition in the Superior Court of Fulton County, Georgia, against B. Graham West and others as trustees of the Atlanta Police Pension Fund, seeking by mandamus to compel the board of trustees to pay to him a pension of $100 per month for the remainder of his natural life because of total and permanent disability, alleged to have been sustained by him from injuries which he alleges were received in the line of duty; the petition alleging that on January 12, 1949, after hearing and considering the reports of the examining medical officers, the board of trustees denied the petitioner's application for disability pension. The defendants demurred to this petition on the grounds: (1) that said petition failed to set forth a cause of action for the relief prayed; (2) that mandamus would not lie to compel the performance of a discretionary act; and (3) that the plaintiff had a full, complete, and adequate remedy at law to review the decision of the board of trustees by the writ of certiorari. To the judgment of the trial court sustaining this demurrer and dismissing his petition the plaintiff excepts. *Held:*

1. Under the Police Pension Act of 1933 (Ga. L. 1933, p. 213), as amended by the act of 1945 (Ga. L. 1945, p. 1067), it is provided that, if a member of the police department in good standing should be retired because of total disability from injuries received in line of duty, he may apply for a disability pension under the provisions of the act; and by section 4-b of the act of 1945 it is provided: "The Board of Trustees shall have the applicant for a pension on account of permanent and total disability examined by competent physicians and surgeons. In passing upon the question of permanent and total disability, they may receive and

consider the reports and recommendations of such examining medical officers and the applicant shall have the right to submit medical and other competent evidence on the question of his disability and right to be retired." By an act approved March 26, 1947 (Ga. L. 1947, p. 675), the Pension Act was further amended, and it is there provided: "A majority of the Board of Trustees shall control on all disputed questions, but such decision shall be subject to review by the Superior Court in an action at law, suit in equity, writ of certiorari as provided by general law for such writs, or other proper proceeding, upon petition of such city or any other person who may have an interest in the funds provided by this act as amended."

2. "The right to extraordinary aid of mandamus exists only where the applicant has a clear legal right to the relief sought and there is no other adequate remedy. These two conditions must coexist." *Lindsey* v. *Board of Commissioners*, 169 *Ga.* 368 (150 S. E. 261). If there be a specific remedy by certiorari, the right of mandamus will not lie. *Cheek* v. *Eve*, 182 *Ga.* 30, 33 (184 S. E. 700); *DeBerry* v. *Spikes*, 188 *Ga.* 222 (3 S. E. 2d, 719); *Hall* v. *Martin*, 136 *Ga.* 549 (71 S. E. 803); Code, § 64-101.

3. Since the Police Pension Act, as amended by the act approved March 26, 1947 (Ga. L. 1947, p. 675), specifically provides for a review of the decisions of the "Board of Trustees" in the "Superior Court" by "writ of certiorari as provided by general law for such writs," the trial court did not err in sustaining the defendants' demurrer and dismissing the petition. *Southeastern Greyhound Lines* v. *Georgia Public Service Commission*, 181 *Ga.* 75, 86 (181 S. E. 834, 102 A.L.R. 517).

4. What is here held is not in conflict with the decisions of this court relied upon by the plaintiff in error, in *City of Macon* v. *Herrington*, 198 *Ga.* 576 (32 S. E. 2d, 517), and *West* v. *Carroll*, 201 *Ga.* 473 (39 S. E. 2d, 872). The Macon Act contained no specific provision for review by writ of certiorari, and *West* v. *Carroll* was decided prior to the amending act approved March 26, 1947, supra, specifically providing for review of the decision of the Board of Trustees of the Police Pension Fund by writ of certiorari. Moreover, it was not sought in that case to review such a decision, but that was a proceeding to compel the secretary of the board to comply with its decision.

*Judgment affirmed. All the Justices concur.*

No. 16935. FEBRUARY 16, 1950.

*Ralph R. Quillian* and *Wilbur B. Nall*, for plaintiff.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth*, and *J. E. Feagin*, for defendants.