24810. UNGAR v. MAYOR &c. OF SAVANNAH.

SUBMITTED SEPTEMBER 12, 1968—DECIDED SEPTEMBER 24, 1968.

*Aaron Kravitch,* for appellant.

*David R. Elmore,* for appellee.

NICHOLS, Justice. 1. " 'The right to extraordinary aid of mandamus exists only where the applicant has a clear legal right to the relief sought and there is no other adequate remedy.' *Lindsey v. Board of Commissioners of Roads & Revenues of Colquitt County,* 169 Ga. 368 (150 SE 261); *Rollins v. Elder,* 180 Ga. 316, 318 (178 SE 719); *Wright v. Forrester,* 192 Ga. 864, 867 (16 SE2d 873); *Densmore v. West,* 206 Ga. 531, 532 (57 SE2d 675). If the allegations of the petition should be construed as sufficient to show the creation of a public nuisance, there are no allegations that the abatement of the nuisance in the manner authorized by law would not afford the petitioners adequate relief. The writ of mandamus, therefore, would not lie." *State Hwy. Dept. v. Reed,* 211 Ga. 197 (3) (84 SE2d 561). While a plaintiff's petition is no longer construed most strongly against him yet a motion to dismiss for failure to state a claim is properly sustained where a petition shows that a plaintiff is not entitled to recover, and a petition for mandamus will not lie where there exists an adequate remedy at law. *Code* § 64-101.

Thus, assuming that the allegations of the plaintiff's petition, with reference to a one-foot encroachment upon the public sidewalk, show a public nuisance, then there exists an adequate remedy at law by a petition to have such nuisance abated under the provisions of *Code* § 72-202 in view of the allegations contained in the petition as to special injuries to plaintiff. As was held in *Maddox v. Willis,* 205 Ga. 596 (6) (54 SE2d 632): "An encroachment upon a public alley or street of a municipality is a public nuisance, and one who is specially injured thereby may

proceed in his own name to enjoin such encroachment. *Savannah Railway Co. v. Gill,* 118 Ga. 737 (3) (45 SE 623); *Hendricks v. Jackson,* 143 Ga. 106 (1) (84 SE 440); *Holman v. Athens Empire Laundry Co.,* 149 Ga. 345, 349 (100 SE 207); *Moon v. Clark,* 192 Ga. 47, 50 (14 SE2d 481)."

Accordingly, the trial court did not err in dismissing the plaintiff's petition seeking to mandamus the municipal authorities to proceed to have such alleged nuisance abated.

*Judgment affirmed. All the Justices concur.*