### 28822. McCLUNG v. RICHARDSON.

INGRAM, Justice.

The Superior Court of Muscogee County issued a writ of mandamus on behalf of the appellee to compel the appellant, as Chief of Police of Columbus, to reinstate the appellee to his position as a sergeant on the Columbus Police Force. Appellee was dismissed from the police department by appellant because of the appellee's alleged mistreatment of a prisoner. The appellee then appealed

to the city personnel review board which upheld the dismissal after a hearing.

The appellant seeks reversal of the trial court's reinstatement order in favor of the appellee on the ground that the writ of mandamus was improperly issued. Appellant contends that under the applicable ordinances of the City of Columbus he was authorized to dismiss the appellee from the police force and that, since a review of the dismissal by certiorari from the personnel review board was available to the appellee, the writ of mandamus was not authorized in this case.

We first note that, "The right to extraordinary aid of mandamus exists only where the applicant has a clear legal right to the relief sought, and there is no other adequate remedy. These two conditions must coexist. *Mattox v. Board of Education,* 148 Ga. 577, 581 (97 SE 532, 5 ALR 568)." *Lindsey v. Board of Commrs. &c. of Colquitt County,* 169 Ga. 368, 369 (150 SE 261) (1929). If there be a specific remedy by certiorari, the right of mandamus will not lie. *Cheek v. Eve,* 182 Ga. 30, 33 (184 SE 700). Appellant relies on several decisions of this court to support his argument that appeal by certiorari was an adequate and available remedy to the appellee and therefore mandamus was not authorized.

In *Densmore v. West,* 206 Ga. 531 (57 SE2d 675) (1950), a policeman filed for a writ of mandamus to compel the Atlanta Police Pension Fund Board of Trustees to pay him his pension. This court held that the proper remedy was by writ of certiorari from an adverse decision of the board and that mandamus would not lie because the Police Pension Act specifically provided for a review of the decisions of the board of trustees in superior court by writ of certiorari.

In *Wilson v. Latham,* 227 Ga. 530, 533 (181 SE2d 830) (1971), two Atlanta city building inspectors were dismissed and the personnel board upheld the dismissal. The building inspectors brought equitable complaints to compel the personnel board members as officials of the city to reinstate them and sought money damages from the board members as individuals. This court held that the actions of the city officials "in discharging [the inspectors] were judicial or quasi-judicial in nature; and

appeals from such decisions can only be had by writ of certiorari under Code § 19-101, where no additional right of appeal is provided by law." In reaching this conclusion, the court relied on the earlier case of *Ballard v. Mayor &c. of Carrollton,* 194 Ga. 489 (1) (22 SE2d 81), holding that: "The writ of certiorari ordinarily furnishes a full and adequate remedy at law for the correction of errors in decisions by municipal corporations, courts or councils, rendered in the exercise of judicial powers; so that even though a property right may be primarily involved in such manner as would authorize the injured party to resort to equity, he is not entitled to claim such relief, *where he has already appeared before the municipal judicatory, and that body has rendered an adverse decision.* His remedy under such circumstances was to have corrected by certiorari any error in the decision. *City of Cedartown v. Pickett,* 193 Ga. 840, 842." (Emphasis supplied.)

At the time of the appellee's dismissal there was in force and effect in Columbus a City Ordinance, No. 71-264, which provides in § 17-45, as follows: *"The Authority of Chief and Personnel Review Board.* The chief of police is hereby given the authority to discipline the members of the Columbus Police Department including discharge from the service. Any punishment beyond suspension for fifteen working days is subject to appeal to the Personnel Review Board."

In addition to the above ordinance, the Code of the City of Columbus also contained a provision in § 16B-10-6 relating to dismissals, as follows: *"Dismissals.* Dismissals are discharges or separations made for delinquency, misconduct, inefficiency or inability to perform the work of the position satisfactorily. Dismissals of permanent employees shall be effective only after the person to be discharged has been presented with the reasons for such discharge, specifically stated, and has been allowed a reasonable time to reply thereto in writing. The reasons and the reply shall be filed with the personnel officer. The person to be discharged shall have the right of a hearing, not precluding representation by any individual of his own choosing, before the personnel review board. The decision of the majority of the members of the Board shall

be final. . . "

The appellee contends that under the above provision of the city code he was entitled to a hearing prior to dismissal which he did not receive and therefore his dismissal was illegal. The trial court determined at the mandamus hearing that the appellee was entitled to a hearing prior to discharge, under the above code section of the city, and then found that the appellee was discharged prior to a hearing and was therefore entitled to seek relief by mandamus.

We agree with the trial court that the ordinance granting authority to the chief of police to discharge permanent employees under his supervision must be construed in pari materia with the dismissal provisions of the city code which provide that "dismissals of permanent employees shall be effective only after the person to be discharged has been presented with the reasons for such discharge, specifically stated, and has been allowed a reasonable time to reply thereto in writing." This provision of the city code also provides that "the person to be discharged shall have the right of a hearing, not precluding representation by any individual of his own choosing, before the personnel review board."

The record in this case shows that the appellee had a hearing before the personnel review board and was represented by counsel at the hearing. If, as the appellee contends and the trial court found, the appellee was discharged in violation of the provisions of § 16B-10-6 of the city code, providing for dismissals of permanent employees, the board should have overturned appellee's earlier dismissal by the appellant. However, we are of the opinion that in making its decision the board acts in a judicial or quasi-judicial capacity. Therefore, any erroneous decision by the board, which is adverse to an employee, may be reviewed by certiorari to the superior court.

The case of *Blount v. Parham,* 184 Ga. 515 (191 SE 911) (1937), relied on by the appellee in support of this mandamus action is distinguishable from the present case. In *Blount,* the charter of the City of East Point contemplated a trial for the removal of city police officers. Despite these provisions, no charges were made

against the discharged officer and there was no trial upon any charge. This court upheld the mandamus relief sought there because no hearing ever took place. Since there was no hearing, there was no adverse decision by a municipal judicatory which could be reviewed by certiorari. In the present case, an adverse decision by a municipal body exercising judicial powers has been rendered after a hearing participated in by the appellee and his attorney. Therefore, an appeal from that decision can only be had by writ of certiorari and mandamus will not lie under the authorities previously cited in this opinion. Therefore, the judgment of the trial court ordering reinstatement of the appellee in this mandamus action must be reversed.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED MAY 13, 1974 — DECIDED JULY 2, 1974 — REHEARING DENIED JULY 16, 1974.

*Lennie F. Davis, E. H. Polleys, Jr,* for appellant.
*Vincent P. McCauley,* for appellee.

ON MOTION FOR REHEARING.

INGRAM, Justice.

Appellee argues vigorously, in a motion for rehearing, that he was discharged in violation of the city code and that the Personnel Review Board of the city failed to give him a meaningful hearing. The decisive factor remains, however, that all of these issues could have been raised by a writ of certiorari to the superior court. Certainly, a writ of mandamus could correct any alleged harm done, but so also could a writ of certiorari. Since certiorari was available, mandamus will not lie. *Lindsey v. Bd. of Commrs. &c. of Colquitt County,* 169 Ga. 368 (150 SE 261) (1929).

*Motion for rehearing denied.*