### 31435. ROSSI v. PRICE.

JORDAN, Justice.

This appeal is from the denial of a mandamus absolute.

Emilio Rossi, Jr., a juvenile, entered a plea of guilty in the Juvenile Court of Clarke County to the commission of delinquent acts. He was committed to the custody of the Division of Children & Youth of the State Department of Human Resources, and placed in the Milledgeville Youth Development Center in Baldwin County.

Thereafter the juvenile's attorney filed a petition in the Juvenile Court of Clarke County to vacate this order, pursuant to Code Ann. § 24A-2801 (Ga. L. 1971, pp. 709, 739), alleging that a fraud was perpetrated on the juvenile at the time of his guilty plea, and that there was newly-discovered evidence showing that he was not guilty. The Juvenile Court Judge denied this petition on March 26, 1976, holding that the juvenile court had lost custody of the juvenile, and that, under Code Ann. § 24A-2801 (b), his court did not have jurisdiction to consider the petition.

On April 14, 1976, the juvenile filed a petition for mandamus in Clarke Superior Court against the Juvenile Court Judge of Clarke County praying that the juvenile

judge be required to hold a hearing on the petition to vacate the order committing the juvenile.

The superior court judge entered an order stating that it was his opinion that Code Ann. § 24A-2801 vested in the Juvenile Court of Clarke County the jurisdiction to modify and vacate its orders on any of the grounds specified in subsection (a), whether the juvenile is detained in Clarke County or elsewhere, but that Clarke Superior Court had no jurisdiction to exercise appellate review of judgments rendered by the Juvenile Court of Clarke County. The mandamus absolute was denied.

We concur in the opinion and judgment of the Judge of the Clarke Superior Court. The juvenile court judge was in error in holding that he could not set aside his judgment on one of the grounds in subsection (a) of Code Ann. § 24A-2801 where the custody of the juvenile has been transferred to the Division of Children and Youth. This limitation on the power to set aside applies only to the grounds stated in subsection (b). However, the order denying the petition to vacate the order committing the juvenile was a judicial order, subject to judicial review as provided by Code Ann. § 24A-3801 (Ga. L. 1971, pp. 709, 755). Where there is a right of judicial review of the act of a judicial officer, mandamus is not an available remedy to require him to perform his judicial function in a manner different from the way he has performed it. *Barksdale v. Cobb,* 16 Ga. 13 (2) (1854); *Kingberry v. People's Furniture Co.,* 130 Ga. 365 (60 SE 865) (1908); *Cheek v. Eve,* 182 Ga. 30 (184 SE 700) (1936); *Hayes v. Brown,* 205 Ga. 234 (52 SE2d 862) (1949); *Densmore v. West,* 206 Ga. 531 (2) (57 SE2d 675) (1950); *McClung v. Richardson,* 232 Ga. 530 (207 SE2d 472) (1974).

It was not error to deny the petition for mandamus.

*Judgment affirmed, without prejudice to the right of the appellant to file further proceedings in the juvenile court. All the Justices concur.*

SUBMITTED AUGUST 27, 1976 — DECIDED SEPTEMBER 29, 1976.

*Pleger & Duderwicz, E. Phil Duderwicz,* for appellant.

*Joseph J. Gaines,* for appellee.