## 31389. GUHL et al. v. CROW.

INGRAM, Justice.

This appeal is from a final judgment entered in DeKalb Superior Court granting the appellee, Jerry G.

Crow, a writ of mandamus absolute. The trial court's order directs the appellant, Bernard Rapkin, as Judge of the Recorder's Court of DeKalb County, to accept from the appellee the sum of $100 as a fine in satisfaction of an earlier judgment rendered against the appellee in the DeKalb Recorder's Court.

The sentence in the recorder's court required the appellee to pay a fine of $52 for violating a DeKalb zoning ordinance and further required the appellee to pay the sum of $10 per day for every day of the appellee's continuing violation of the ordinance by maintaining unauthorized house trailers on his property. Appellee's conviction and sentence in the DeKalb Recorder's Court were reviewed and sustained on certiorari in DeKalb Superior Court.

No appeal was taken from the certiorari disposition of the case in superior court. Instead, the appellee tendered the sum of $100 to the appellant Judge of the DeKalb Recorder's Court in satisfaction of the sentence. The recorder refused to accept the $100 and insisted that appellee owed a sum in excess of $1,200 at the time the $100 was tendered, as the fine had accumulated at the rate of $10 per day under the sentence.

The trial court in the present mandamus case ruled that the DeKalb Recorder's Court was limited to the imposition of a maximum fine of $100 and ordered the Judge of the Recorder's Court to accept it. The appellee has not been arrested and no effort has been made to collect the fine from him. Appellee insists, however, that he has a legal right to pay the tendered sum of $100 and has no adequate remedy at law. Therefore, he argues that the trial court correctly ordered the judge of the recorder's court to accept the $100 as the maximum fine allowed by law.

The Recorder's Court of DeKalb County is a creature of statute. Its jurisdiction, power and organization are provided in Ga. L. 1959, pp. 3093-3106. Section 14 of the Act states in relevant part, that upon conviction of violating a DeKalb County ordinance, the offender may be punished by the imposition of a fine "not in excess of that prescribed by the ordinance . . . violated and in no event to exceed the sum of One Hundred Dollars for any

single offense, . ." As the record shows that the appellee was charged with, and convicted of, a single violation, it is difficult to find fault with the trial court's reasoning that the appellee's original sentence (a $52 fine, plus $10 per day for each day of continuing violation) exceeded the statutory authority of the DeKalb Recorder's Court. However, we cannot dispose of this case on that basis without upsetting traditional principles of mandamus law.

The difficulty is that mandamus cannot be used to correct the original order of the recorder's court. Certiorari is specifically provided for that purpose. The appellee sought certiorari review of the recorder's sentence in DeKalb Superior Court but the sentence was sustained. The law provided the appellee a remedy to appeal that decision to the Court of Appeals of Georgia, but this was not done.

We hold the present mandamus proceedings, initiated by new counsel for the appellee, will not lie against the judge of the recorder's court to compel him to accept a fine of less than the amount required under his original sentence. Section 17 of the Act gives the judge of the recorder's court the authority to reduce any fine imposed by him prior to the payment of the fine. The exercise of that authority, however, is a judicial rather than a ministerial act. We also note that Section 8 of the Act provides that it shall be the duty of the clerk (rather than the judge) of the recorder's court to collect all fines imposed in that court.

In summary, we conclude that the Judge of the DeKalb Recorder's Court cannot be compelled in this mandamus case to alter the terms of his original sentence as that involves the exercise of his judicial discretion. We also think the appellee had an adequate remedy at law to correct any legal error in the original sentence. See Code Ann. § 64-101, and *McClung v. Richardson*, 232 Ga. 530 (207 SE2d 472) (1974). Therefore, the judgment of the trial court, granting mandamus absolute, will be reversed with direction that the case be dismissed in that court.

*Judgment reversed with direction. All the Justices concur.*

ARGUED SEPTEMBER 20, 1976 — DECIDED OCTOBER 5, 1976.

Harvey, Willard & Elliott, Wendell K. Willard, Billy Olsen, for appellants.

Zachary & Seagraves, William E. Zachary, Jr., J. Ed Seagraves, Finn Duerr, for appellee.